Johnny **GREENWOOD**, Appellant,

v.

Dr. Robert **ROSS**, Happy Mahfouz, Chancellor and Athletic Director, respectively, of the University of Arkansas; Dr. Raymond P. Miller; Dr. Diane Nolan; Bradley D. Jesson; Dr. Jacqueline Douglas; Robert D. Pugh; Hugh B. Chalmers; Jack Williams; Hall McAdams, III; Kaneaster Hodges, Jr.; Gus Blass, II; Board of Trustees of University of Arkansas, Appellees.

No. 84–1498.

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1985.

Decided Nov. 22, 1985.

P.A. Hollingsworth, Little Rock, Ark., for appellant.

Robert V. Light, Little Rock, Ark., for appellees.

Before BRIGHT and HENLEY, Senior Circuit Judges, and McMILLIAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Johnny Greenwood appeals from a final judgment entered in the District Court for the Eastern District of Arkansas in favor of Dr. Robert Ross, Chancellor of the University of Arkansas at Little Rock (UALR),[1] Happy Mahfouz, Athletic Director, and the Board of Trustees of the University of Arkansas, in their individual and official capacities as trustees, in a civil rights action brought pursuant to 42 U.S.C. §§ 1983, 2000e *et seq.* (1982). Appellant alleges discrimination in employment practices by appellees. For reversal appellant argues that the district court erred in (1) dismissing the Title VII claim against Ross and Mahfouz and the Board of Trustees because they were not specifically named in the EEOC charge, (2) dismissing the claims against the Board of Trustees on the ground that the eleventh amendment bars suit against the University of Arkansas in the federal court, (3) refusing to consider the retaliatory discharge claim under § 1983, and (4) dismissing the retaliatory discharge claim under 42 U.S.C. § 2000e (Title VII). For the reasons discussed below, we reverse and remand.

Appellant, a black male, had been employed since 1974 as an assistant men's

---

**1.** UALR is a component of the University of Arkansas. Arkansas state law designates the Board of Trustees of the University of Arkansas as the entity capable of being sued.

basketball coach at UALR. When Mahfouz, the head men's basketball coach, resigned in 1979 to become the athletic director, appellant and several other persons applied for the head coach position. In March 1979, UALR selected Ron Kestenbaum, a white male, as the head coach. Appellant was retained as an assistant coach; however, his annual contract was not renewed when it expired on June 30, 1980.

Appellant filed this suit on September 18, 1979, and alleged that he had not been selected or promoted to the head coach position because of his race. The district court permitted appellant to amend his complaint on two occasions. On August 20, 1980, appellant amended his complaint to add a Title VII claim[2] and to name UALR as a defendant. By an order entered September 21, 1981, the district court permitted appellant to add as defendants the ten members of the Board of Trustees of UALR in their individual capacities.

At the conclusion of a three-day bench trial, the district court dismissed the § 1983 and Title VII claims against the Board of Trustees on the ground that the claims were barred by the eleventh amendment of the Constitution. The claims against the individual members of the Board of Trustees were dismissed; no basis for the dismissal was given. In addition, the district court found that appellant had "failed to make a prima facie case as to racial animus ... related to the two challenged employment decisions" and dismissed the § 1983 claims against Ross and Mahfouz. Lastly, the district court dismissed the Title VII claim of retaliatory non-renewal of appellant's contract (retaliatory discharge) because appellant failed to name Ross, Mahfouz and the Board of Trustees in his EEOC charge. This appeal followed.

■ Appellant first argues that the district court erred in dismissing his Title VII retaliatory discharge claim against Ross and Mahfouz on the ground that Ross and

Mahfouz were not named parties in appellant's EEOC charges. Appellant concedes that his EEOC charges did not name Ross and Mahfouz individually but argues that the naming of UALR was sufficient because Ross, as chancellor, and Mahfouz, as athletic director, were supported and directed by and acted on behalf of UALR with complete identity of interest. Further, appellant argues that Ross and Mahfouz had ample notice of the EEOC charge against them, were represented by counsel from the beginning and were aware of the possibility of conciliation at an early date.

Although conceding that the filing of an EEOC charge is not a jurisdictional prerequisite for a Title VII action, Ross and Mahfouz nonetheless argue that the filing requirement is like a statute of limitations and is to be given effect as such unless waived or tolled.

The district court, relying on *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1983) (*Zipes*), dismissed the retaliatory discharge claim because appellees had asserted the affirmative defense of failure to file an EEOC charge against appellees. The Supreme Court in *Zipes* held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." 455 U.S. at 393, 102 S.Ct. at 1132. The Court reaffirmed that the purpose of the filing requirement is to give notice to the employer and to give the employer an opportunity to voluntarily comply with Title VII. *See Liberles v. Cook County*, 709 F.2d 1122, 1126 (7th Cir.1983).

The Court did not decide in *Zipes* whether a failure to name an employer in an EEOC charge barred suit where the employer had actual notice of the EEOC charge. A number of other courts, prior to *Zipes*, had considered this issue. These courts recognized exceptions to the general

---

**2.** Appellant alleged a Title VII claim in his original complaint. Appellees objected to the claim as premature because appellant had not received an EEOC right-to-sue letter. Appellant subsequently received two right-to-sue letters dated May 23, 1980.

rule that parties not named in the EEOC charge are not subject to suit in a subsequent civil action. "[O]mission of a party's name from the EEOC charge does not automatically mandate dismissal of a subsequent action under Title VII." *Romero v. Union Pacific R.R.*, 615 F.2d 1303, 1311 (10th Cir.1980); *see Wrighten v. Metropolitan Hospitals, Inc.*, 726 F.2d 1346, 1352 (9th Cir.1984). The filing of an EEOC charge is unnecessary where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance. *Davis v. Weidner*, 596 F.2d 726, 729 (7th Cir. 1979); *Kaplan v. International Alliance of Theatrical and Stage Employees*, 525 F.2d 1354, 1358–59 (9th Cir.1975). "The purpose behind this exception is to prevent frustration of the goals of Title VII by not requiring procedural exactness in stating the charge." *Eggleston v. Chicago Journeymen Plumbers*, 657 F.2d 890, 905 (7th Cir.1981), *cert. denied*, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982). A suit is not barred "where there is sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation." *Romero v. Union Pacific R.R.*, 615 F.2d at 1311.

The Supreme Court in *Zipes* did not implicitly overrule these cases. The decision in *Zipes* that the filing requirement may be subject to "waiver, estoppel and equitable tolling," 455 U.S. at 393, is fully consistent with the decision in the earlier cases that the filing requirement as to unnamed persons may be met when there is a sufficient identity of interest between persons named and unnamed in the EEOC charge.

We hold that the district court erred in dismissing the Title VII claim against Ross and Mahfouz. Here, there is an identity of interest between the named defendant UALR and the unnamed defendants Ross and Mahfouz. Ross and Mahfouz, as chancellor and athletic director of UALR, respectively, were supported and directed by and acted on behalf of the University of Arkansas in the University's employment relationship with appellant. Moreover, Ross and Mahfouz had notice of the proceedings against them and were represented by counsel from the beginning. Further, they were aware of the possibility of conciliation at an early date. To dismiss appellant's complaint because Ross and Mahfouz were not named in the EEOC charge would frustrate the purposes of Title VII.

■ Appellant next argues that the district court erred in dismissing his claims against the Board of Trustees as an entity because the Board was not specifically named in appellant's EEOC charge. Appellant named UALR as the defendant in the EEOC charge.

Appellees argue that the Board of Trustees, as an entity, was never made a party to the suit and therefore the district court's order dismissing the complaint as to the Board of Trustees was surplusage. Appellees argue that the order entered on September 21, 1984, provided: "the plaintiff is granted leave to add as named defendants the members of the Board of Trustees for the University of Arkansas in their *individual* capacities." (Emphasis added.) Appellees further argue that even if the Board were made a party to the suit, the suit should not have been permitted because the Board of Trustees as an entity was not named in the EEOC charge.

We hold that the district court erred in dismissing the complaint against the Board of Trustees as an entity because it was not named in the EEOC complaint. Appellant's naming of UALR (although a place and not a suable entity) was sufficient to inform the Board of Trustees, the governing body of the University, that an EEOC charge had been filed against the Board of Trustees as an entity. In addition, the Board of Trustees appeared by legal counsel throughout all the administrative proceedings prior to the filing of the suit in federal court. The Board was therefore

afforded notice of the charge and an opportunity for conciliation of the charge.

The Board of Trustees' argument that the Board was never made a party to this suit is without merit. It is not disputed that UALR and the Board of Trustees in their individual capacities were named as defendants. Further, the caption on the second amended complaint lists not only the ten members of the Board of Trustees by name but also adds immediately following the names "the Board of Trustees of the University of Arkansas." The caption, although not controlling in determining the parties, *see Blanchard v. Terry & Wright, Inc.*, 331 F.2d 467 (6th Cir.), *cert. denied*, 379 U.S. 831, 85 S.Ct. 62, 13 L.Ed.2d 40 (1964); 5 C. Wright & A. Miller, Federal Practice and Procedure, Civil § 1321 (1969), nonetheless suggests that appellant was suing the University of Arkansas as an entity.

The Board of Trustees does not argue that it did not receive notice of appellant's complaint. The Board, having received actual notice of the suit and knowledgeable of the Board's relationship to UALR, would know that a suit against UALR was intended as a suit against the Board of Trustees. *See Brandon v. Holt*, —— U.S. ——, ——, 105 S.Ct. 873, 878, 83 L.Ed.2d 878, (1985) (judgment against City of Memphis upheld although Director of Memphis Police Department in his official capacity and not the City of Memphis named as defendant in § 1983 action). *See Miller v. Director*, 146 F.Supp. 674, 676 (S.D.N.Y.1956) (failure to designate defendant by name does not require reversal where defendant received notice), *aff'd*, 243 F.2d 527 (2d Cir.1957). Moreover, the Board was represented by an attorney at the EEOC proceedings and at trial and was therefore not prejudiced by the lack of clarity in appellant's naming of the defendants.

■ Appellant next argues that the district court's dismissal of the claims against the Board of Trustees on the grounds of sovereign immunity under the eleventh amendment was clear error because neither the claims under Title VII nor under § 1983 were barred by the eleventh amendment. Appellees argue that appellant is bound by his counsel's concession that the eleventh amendment bars the suit against the Board of Trustees. Appellees, relying on *Arkansas v. Texas*, 346 U.S. 368, 74 S.Ct. 109, 98 L.Ed. 80 (1953), further argue that "a suit against the University [of Arkansas] is a suit against the state." *Id.* at 370, 74 S.Ct. at 110.

"By its terms, the eleventh amendment only applies to suits against the state by citizens of another state." *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 308 (8th Cir.1978), *cert. denied*, 439 U.S. 1070, 99 S.Ct. 839, 59 L.Ed.2d 35 (1979). Nonetheless, the Supreme Court has held that an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. *E.g., Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974).

The principle of state sovereignty embodied in the eleventh amendment has been limited substantially by the enforcement provisions of the fourteenth amendment. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976).

In [§ 5 of the fourteenth amendment] Congress is expressly granted authority to enforce by "appropriate legislation" the substantive provisions of the Fourteenth Amendment, which themselves embody significant limitations on state authority. When Congress acts pursuant to § 5, not only is it exercising legislative authority that is plenary within the terms of the constitutional grant, it is exercising that authority under one section of a constitutional Amendment whose other sections by their own terms embody limitations on state authority.

*Id.* The Supreme Court concluded in *Fitzpatrick v. Bitzer* that the 1972 amendments to Title VII of the Civil Rights Act of 1964, which allow federal courts to award money damages in favor of a private individual against the state government, was constitutional because "Congress may, in determining what is 'appropriate legisla-

tion' for the purpose of enforcing the provisions of the Fourteenth Amendment, provide for private suits against States or State officials which are constitutionally impermissible in other contexts." *Id. See Edelman v. Jordan*, 415 U.S. at 672–73, 94 S.Ct. at 1360. We therefore hold that the district court erred in dismissing the Title VII claim against the Board of Trustees as barred by the eleventh amendment.

Immunity from suit under the eleventh amendment in § 1983 cases is further limited by the interpretation of "state" under the eleventh amendment.

> [T]he Eleventh Amendment limits the jurisdiction of the federal courts only as to suits against the state. It is settled that a suit against a county, a municipality, or other lesser governmental unit is not regarded as a suit against a state within the meaning of the Eleventh Amendment. Unless a political subdivision of the state is simply the 'arm or alter ego of the state,' it may sue and be sued pursuant to the same rules as any other corporation.

*Gilliam v. City of Omaha*, 524 F.2d 1013, 1015 (8th Cir.1975) (citation omitted). In determining the applicability of the eleventh amendment to the political subdivisions of the state, the court must "examine the particular entity in question and its powers and characteristics as created by state law to determine whether the suit is in reality a suit against the state. Courts typically look at the degree of local autonomy and control and most importantly whether the funds to pay any award will be derived from the state treasury." *Laje v. R.E. Thomason General Hospital*, 665 F.2d 724, 727 (5th Cir.1982); *see Hall v. Medical College*, 742 F.2d 299, 307 (6th Cir.1984) (Medical College of Ohio immune from suit), *cert. denied*, —— U.S. ——, 105 S.Ct. 796, 83 L.Ed.2d 789 (1985); *Miener v. Missouri*, 673 F.2d 969, 980 (8th Cir.) (special school district of the county, the board of education of the district, or officials of the district sued in their official capacity not immune), *cert. denied*, 459 U.S. 909, 103 S.Ct. 215, 74 L.Ed.2d 171 (1982); *Gilliam v. City of Omaha*, 524 F.2d at 1015

(City of Omaha, a municipal corporation, not immune from suit).

"Each state university ... must be considered on the basis of its own particular circumstances" in determining if the university is a state instrumentality that enjoys the protection of the eleventh amendment. *Soni v. Board of Trustees*, 513 F.2d 347, 352 (6th Cir.1975), *cert. denied*, 426 U.S. 919, 96 S.Ct. 2623, 49 L.Ed.2d 372 (1976). The majority of cases addressing the question of eleventh amendment immunity for public colleges and universities have held that these institutions are arms of their respective state governments and thus immune from suit. *Hall v. Medical College*, 742 F.2d at 301 (Ohio); *see United Carolina Bank v. Board of Regents*, 665 F.2d 553, 561 (5th Cir.1982) (Stephen F. Austin State University in Texas); *Rutledge v. Arizona Board of Regents*, 660 F.2d 1345, 1349–50 (9th Cir.1981) (Arizona State University), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983); *Jagnandan v. Giles*, 538 F.2d 1166, 1176 (5th Cir.1976) (Mississippi State University), *cert. denied*, 432 U.S. 910, 97 S.Ct. 2959, 53 L.Ed.2d 1083 (1977); *Prebble v. Brodrick*, 535 F.2d 605, 610 (10th Cir.1976) (University of Wyoming); *Long v. Richardson*, 525 F.2d 74, 79 (6th Cir.1975) (Memphis State University); *Brennan v. University of Kansas*, 451 F.2d 1287, 1290 (10th Cir.1971); *Walstad v. University of Minnesota Hospitals*, 442 F.2d 634, 641–42 (8th Cir.1971). *Contra Goss v. San Jacinto Junior College*, 588 F.2d 96, 98 (5th Cir.), *modified*, 595 F.2d 1119 (1979); *Dyson v. Lavery*, 417 F.Supp. 103, 108 (E.D.Va.1976) (Virginia Polytechnic Institute and State University); *Gordenstein v. University of Delaware*, 381 F.Supp. 718, 725 (D.Del.1974).

The parties have not directed us to nor have we found any case which has decided whether the immunity of the eleventh amendment applies to the University of Arkansas. *Arkansas v. Texas*, relied on by appellees, considered the relationship between the state of Arkansas and the University of Arkansas and concluded that the

"University of Arkansas is an official state instrumentality ... and a suit against the University is a suit against the State." 346 U.S. at 370, 74 S.Ct. at 110. The Supreme Court was not, however, deciding the University's status in the context of eleventh amendment immunity. Rather, the Court was considering whether a suit by the University of Arkansas against the state of Texas was a suit between two states so as to come within the original jurisdiction of the Court. Therefore we do not believe that the Court's holding in *Arkansas v. Texas* decides the issue in this case.

We have found only a few cases (not including cases brought under Title VII) wherein suit against the University of Arkansas has been brought. Importantly, the issue of eleventh amendment immunity was not raised in these cases. *Tolliver v. Yeargan,* 567 F.Supp. 116 (W.D.Ark.1983) (Title VII and § 1983 action by faculty member), *aff'd,* 728 F.2d 1076 (8th Cir. 1984); *Russell v. Board of Trustees,* 502 F.Supp. 916 (E.D.Ark.1980), *aff'd,* 657 F.2d 1008 (8th Cir.1981) (§§ 1981 and 1983 action by employee); *Cooper v. Ross,* 472 F.Supp. 802 (E.D.Ark.1979); *Whitfield v. Raney,* No. LR–64–C–111, slip opinion at 2 (E.D.Ark., Sept. 5, 1964) (injunctive relief sought in race discrimination suit against University of Arkansas). In *Behlar v. Smith,* 719 F.2d 950, 953–54 (8th Cir.1983), *cert. denied, University of Arkansas Bd. of Trustees v. Greer,* 466 U.S. 958, 104 S.Ct. 2169, 80 L.Ed.2d 552 (1984), this court remanded to the district court for a determination whether the University of Arkansas was immune from damages under the eleventh amendment in a § 1983 case.

In the present case, we are unable to determine from the district court's order the basis for its decision that the § 1983 action was barred by the eleventh amendment. The decision is stated in one conclusory sentence. We therefore reverse and remand this issue to the district court with directions that the district court make findings concerning whether the University of Arkansas is for eleventh amendment purposes a separate entity from the state of Arkansas.

Appellant next argues that the district court erred in failing to consider his claim of retaliatory discharge under § 1983. Appellees argue that the district court gave due consideration to the retaliatory discharge claim and dismissed the claim on the merits. We agree that the district court dismissed the § 1983 retaliatory discharge claim on the merits. The district court's order stated: "The motion to dismiss as to defendants Ross and Mahfouz on the charge under 42 U.S.C. § 1983 is granted. Plaintiff failed to make a prima facie case as to racial animus on the part of these two defendants related to the *two* challenged employment decisions." (Emphasis added.)

Appellant alternatively argues that the district court erred in dismissing the § 1983 retaliatory discharge claim on the basis that appellant did not make a prima facie case of intentional retaliatory discharge. Appellant argues that he produced sufficient evidence to establish a prima facie case.

Section 1983 establishes no substantive rights but is merely the vehicle for seeking a federal remedy for violations of federally protected rights. *Irby v. Sullivan,* 737 F.2d 1418, 1427–28 (5th Cir.1984) (*Irby* ); *see Maine v. Thiboutot,* 448 U.S. 1, 4, 100 S.Ct. 2502, 2504, 65 L.Ed.2d 555 (1980). The Constitution and federal statutes define the substantive rights which may be asserted in § 1983 actions.

■ In the present case appellant asserts a retaliatory discharge claim in a § 1983 action. He does not identify what statute or part of the Constitution he relies on as the source of the substantive right to be free from such discharges. " 'The federal rules, and decisions construing them, evince a belief that when a party has a valid claim, he should recover on it regardless of [the] failure to perceive the true basis of the claim at the pleading stage, ...' provided that such a shift in the thrust of the case does not work to the prejudice of the opposing party." *Oglala Sioux Tribe v. Andrus,* 603 F.2d 707, 714 (8th Cir.1979), *citing* 5 C. Wright & A. Miller,

Federal Practice and Procedure § 1219 (1969). "A party need not plead specific legal theories in the complaint, so long as the other side receives notice as to what is at issue in the case." *American Timber & Trading v. First National Bank of Oregon,* 690 F.2d 781, 786 (9th Cir.1982), *see Newman v. Silver,* 713 F.2d 14, 15 n. 1 (2d Cir.1983); *Bramlet v. Wilson,* 495 F.2d 714, 716 (8th Cir.1974). Appellant's retaliatory discharge claim therefore may be based on either 42 U.S.C. § 1981, § 704(a) of Title VII, *Benson v. Little Rock Hilton Inn,* 742 F.2d 414, 416–17 (8th Cir.1984); *Sisco v. J.S. Alberici Construction Co.,* 655 F.2d 146, 150 (8th Cir.1981), *cert. denied,* 455 U.S. 976, 102 S.Ct. 1485, 71 L.Ed.2d 688 (1982); *Goff v. Continental Oil Co.,* 678 F.2d 593, 598 (5th Cir.1982), or the first amendment. *Connick v. Myers,* 461 U.S. 138, 144–45, 103 S.Ct. 1684, 1688–89, 75 L.Ed.2d 708 (1983).

Section 704(a) of Title VII, 42 U.S.C. § 2000e–3(a), makes unlawful any discrimination against an employee by an employer because the employee has "opposed any practice made an unlawful practice by this subchapter or ... made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under this subsection." The Fifth Circuit in *Irby* held that a § 1983 action for retaliatory discharge may not be based on § 704(a). 737 F.2d at 1427–29. The court, relying on *Great American Federal Savings & Loan Ass'n v. Novotny,* 442 U.S. 366, 378, 99 S.Ct. 2345, 2352, 60 L.Ed.2d 957 (1979) (*Novotny*), held that "Title VII provides the exclusive remedy for a violation of the terms of section 704(a)...." 737 F.2d at 1428. The court concluded that "[a]llowance of such a remedy through section 1983 ...

would enable a complainant to sidestep the 'detailed and specific provisions' of Title VII." *Id.* at 1429 (citations omitted). "'[U]nimpaired effectiveness can be given to the plan put together by Congress in Title VII only by holding that deprivation of a right created by Title VII cannot be the basis for a cause of action under § [1983].'" *Id., citing Novotny,* 442 U.S. at 378, 99 S.Ct. at 2352. We are persuaded that the Fifth Circuit is correct in holding that § 704(a) may not be the basis for a retaliatory discharge claim in a § 1983 action. We hold that the district court properly dismissed appellant's § 1983 retaliatory discharge claim based on § 704(a).

Section 1981 has been construed as establishing a substantive right to be free from retaliatory discharge.

Although Section 1981, unlike Title VII, does not expressly prohibit an employer from terminating an employee in retaliation for charging the employer with unlawful discrimination, this court has held that the principles underlying Title VII and Section 1981 are the same, and has treated retaliation claims under section 1981 as though they were brought under Title VII.

*Benson v. Little Rock Hilton Inn,* 742 F.2d at 416; *see Setser v. Novack,* 638 F.2d 1137, 1146–47 (8th Cir.), *modified,* 657 F.2d 962 (8th Cir.) (banc), *cert. denied,* 454 U.S. 1064, 102 S.Ct. 615, 70 L.Ed.2d 601 (1981). This right under § 1981 may be the basis for a cause of action independent of any other statute or action. *Setser v. Novack,* 638 F.2d at 1147. A § 1981 right may also be asserted in a § 1983 action.[3] *Irby,* 737 F.2d at 1429.

**3.** "The [Supreme] Court ... has recognized two exceptions to the application of § 1983 to statutory violations." *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n,* 453 U.S. 1, 19, 101 S.Ct. 2615, 2625, 69 L.Ed.2d 435 (1981) (*Middlesex*). First, § 1983 is not available as a remedy for violations of a statute unless the statute creates a right secured by the laws of the United States within the meaning of § 1983. *Middlesex,* 453 U.S. at 19, 101 S.Ct. at 2625; *Pennhurst State School and Hospital v. Halderman,* 451 U.S. 1, 28, 101 S.Ct. 1531, 1545,

67 L.Ed.2d 694 (1981); *Irby v. Sullivan,* 737 F.2d 1418, 1428 (5th Cir.1984) (*Irby*). Second, § 1983 does not afford a remedy where the "'governing statute provides an exclusive remedy for violations of its terms.'" *Irby,* 737 F.2d at 1428, *citing Halderman,* 451 U.S. at 28, 101 S.Ct. at 1545 (citation omitted). "When the remedial devices provided in the particular Act are sufficiently comprehensive, they may suffice to demonstrate Congressional intent to preclude the remedy of suits under § 1983." *Middlesex,* 453 U.S. at 20, 101 S.Ct. at 2626; *see Irby,* 737

To prevail on a § 1981 claim, a plaintiff must prove discriminatory intent. *General Building Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982); *Washington v. Davis*, 426 U.S. 229, 239, 247–48, 96 S.Ct. 2040, 2051, 48 L.Ed.2d 597 (1976). A plaintiff establishes a prima facie case by showing (1) statutorily protected participation, (2) adverse employment action, and (3) a causal relationship between the two. *Womack v. Munson*, 619 F.2d 1292, 1296 (8th Cir.1980), *cert. denied*, 450 U.S. 979, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973). Once a plaintiff has made a prima facie case of retaliatory discharge, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for the discharge. The plaintiff may then attempt to show that the reason articulated by the defendant was a mere pretext for the alleged discriminatory action. The burden of persuasion remains with the plaintiff. *McDonnell Douglas Corp.*, 411 U.S. at 805, 93 S.Ct. at 1825; *Womack v. Munson*, 619 F.2d at 1296; *see Benson v. Little Rock Hilton Inn*, 742 F.2d at 419. Direct evidence of discriminatory intent is seldom available and is not required. However, the plaintiff's evidence must raise an inference of unlawful discrimination. *Jackson v. RKO Bottlers, Inc.*, 743 F.2d 370, 374 (6th Cir.1984).

The district court held that appellant failed to establish a prima facie case of retaliatory discharge. We disagree. Appellant produced evidence that (1) he filed an EEOC complaint and a federal lawsuit in September 1979, (2) Ross, Mahfouz, and others at the University were aware of the complaint and lawsuit and felt that it was detrimental to the University, and (3) Kestenbaum, appellant's immediate supervisor, with the knowledge and consent of his superiors, refused to renew appellant's contract in June 1980. These facts, which are undisputed by appellees, are sufficient to establish a prima facie case of retaliatory discharge. *See Goff v. Continental Oil Co.*, 678 F.2d at 599.

The district court's order in this case is regrettably brief and contains few findings of fact. Therefore, we are unable to determine if appellees articulated a legitimate nondiscriminatory reason for appellant's discharge or if appellant was given an opportunity to present evidence to show that the reason articulated was pretextual. Even if we assume that the district court followed this allocation of the burden of producing evidence, we cannot be sure that appellant's evidence was fairly considered because the district court did not acknowledge that appellant had made a prima facie case. *See Jackson v. RKO Bottlers of Toledo, Inc.*, 743 F.2d at 377–79.

■ Lastly, we consider appellant's retaliatory discharge claim based on a violation of his first amendment rights. Claims of retaliatory discharge based on the first amendment are commonly asserted in § 1983 actions. *Connick v. Myers*, 461 U.S. at 144, 103 S.Ct. at 1688; *Henderson v. Huecker*, 744 F.2d 640, 643 (8th Cir. 1984); *Brockell v. Norton*, 732 F.2d 664, 666 (8th Cir.1984); *Derrickson v. Board of Education*, 703 F.2d 309, 316–17 (8th Cir. 1983).

In order to establish a prima facie case of retaliatory discharge based on the first amendment, a plaintiff must allege and prove that he or she engaged in conduct protected by the first amendment and that this protected conduct was a substantial or motivating factor in the employer's decision to discharge him or her. *Mt. Healthy City School District v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977) (*Mt. Healthy*); *Henderson v. Huecker*, 744 F.2d at 643. If the employee can successfully show the above, the burden shifts to the employer to demonstrate that the same action would have been taken even in the absence of the protected conduct. *Mt. Healthy*, 429 U.S. at 287, 97

F.2d at 1428. Section 1981 does not come within either of these exceptions and therefore the

rights protected by § 1981 may be asserted through a § 1983 action. *Irby*, 737 F.2d at 1429.

S.Ct. at 576; *Henderson v. Huecker,* 703 F.2d at 316.

We hold that appellant established a prima facie case of retaliatory discharge in violation of his first amendment rights. Appellant's filing of an EEOC charge and a civil rights lawsuit are activities protected by the first amendment. *See Womack v. Munson,* 619 F.2d at 1297; *see also Pickering v. Board of Education,* 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811 (1968); *Brockell v. Norton,* 732 F.2d at 666–67.

In summary, we reverse the district court's order dismissing appellant's Title VII retaliatory discharge claim against Ross and Mahfouz because of appellant's failure to name them in the EEOC charge. We also reverse the district court's dismissal of appellant's claim against the Board of Trustees because of appellant's failure to name the Board of Trustees as an entity in the EEOC charge and because the Title VII claim was barred by the eleventh amendment. In addition, we reverse the district court's dismissal of appellant's § 1983 claim as barred by the eleventh amendment and remand for a determination whether the University of Arkansas for eleventh amendment purposes is an entity separate from the state. Lastly, we reverse the district court's dismissal of appellant's § 1983 retaliatory discharge claim for failure to establish a prima facie case and remand for a determination of liability on the § 1983 claims.

On remand the district court should first determine if the University of Arkansas is amenable to suit for damages under the eleventh amendment. If the district court determines that the University is immune from such suits, an award of damages is barred. Other relief, *e.g.* injunctive relief, may be ordered if liability is found. *Edelman v. Jordan,* 415 U.S. at 664, 667–68, 94 S.Ct. at 1356, 1357–58; *Miener v. State,* 673 F.2d at 982–83.

The district court must determine Ross's, Mahfouz's, and the Board of Trustees' liability on the § 1983 claim of retaliatory discharge. The district court is to consider liability for retaliatory discharge based on a violation of § 1981 and the first amendment. The district court must permit appellant to present evidence which would show that appellees' legitimate nondiscriminatory reason is pretextual if appellant was not permitted to present such evidence in the first trial. The district court may receive any other admissible evidence which would be helpful in determining appellees' liability on the § 1983 charges.

The district court must also determine Ross's, Mahfouz's and the Board of Trustees' liability on the Title VII claim of retaliatory discharge. As indicated above, the district court must permit appellant to present evidence of pretext and may receive other admissible evidence. Damages and other relief may be granted if the district court determines there is liability under Title VII.

Accordingly, the judgment of the district court is reversed and this case is remanded with directions.