**Catalina PEREZ–LACEY, Plaintiff,**

v.

**The UNIVERSITY OF MINNESOTA, and the Regents of the University of Minnesota, Defendants.**

Civil 4–85–1634.

United States District Court, D. Minnesota, Fourth Division.

March 17, 1987.

Paul C. Sprenger, Sprenger, Olson & Shutes, P.A., Minneapolis, Minn., for plaintiff.

William P. Donohue, University of Minnesota, Minneapolis, Minn., for defendants.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff Catalina Perez-Lacey brought this action against defendants University of Minnesota and Regents of the University of Minnesota alleging that defendants violated her rights under the Fourteenth Amendment and 42 U.S.C. §§ 1981 and 1983, and breached a contract between the parties. Plaintiff seeks injunctive relief and damages and alleges jurisdiction under 28 U.S.C. § 1343(a)(3), (4). Now before the court is defendants' motion to dismiss on the ground that plaintiff's claims are barred by the Eleventh Amendment.

Plaintiff, a woman of Hispanic origin, was a student in the psychiatry residency program at the University of Minnesota Medical School (the University) from June,

1981 through January, 1985. Plaintiff alleges that on December 5, 1983, the University advised her that she would not receive credit from the Medical School for her training from June of that year and placed her on probation until July, 1984. On June 25, 1984, the University allegedly extended her probation through January, 1985, and informed her that she was dismissed from the residency program as of that date. On January 1, 1985, plaintiff became employed as a Fellow at the Hennepin County Medical Center at a wage of $11.00 per hour and has been employed at the Center since that time.

Plaintiff alleges that the actions of the University constitute discrimination against her on the basis of her race, in violation of her constitutional right to equal protection and 42 U.S.C. §§ 1981 and 1983. In addition, plaintiff asserts that the procedures used by defendants to place her on probation and to dismiss her from the program were violative of her constitutional right to due process and in breach of a contract "to afford to her due process procedures as a Medical School student in the psychiatry residency program." Plaintiff seeks an injunction requiring defendants to permit her to attend the residency program as well as a permanent injunction enjoining defendants from dismissing her from the residency program and from further denying her constitutional rights. She also seeks compensatory damages. Arguing that the University and its Regents are part of the state of Minnesota for Eleventh Amendment purposes, defendants moved to dismiss the action on the ground that it is barred by the Eleventh Amendment.

The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Although the Amendment's language limits the bar to citizens of another state, the Supreme Court has long held that the Amendment prohibits a federal court from entertaining a suit brought by a citizen against his or her own state absent the state's consent to suit. *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984) (*"Pennhurst II"*).[1] If defendants here are considered to be part of the State of Minnesota for Eleventh Amendment purposes, as they urge, then the Amendment clearly bars the court from entertaining the action. The central "question, however, [is] whether [the] suit in fact is a suit against a State." *Id.* at 100, 104 S.Ct. at 908.

In *Greenwood v. Ross,* 778 F.2d 448 (8th Cir.1985), the Court of Appeals set forth the standard to be applied in determining whether a suit is actually against the state:

[T]he court must "examine the particular entity in question and its powers and characteristics as created by state law to determine whether the suit is in reality a suit against the state. Courts typically look at the degree of local autonomy and control and most importantly whether the funds to pay any award will be derived from the state treasury."

*Id.* at 453 (quoting *Laje v. R.E. Thomason General Hospital,* 665 F.2d 724, 727 (5th Cir.1982)). In the context of state universities, the Court of Appeals explained that " '[e]ach state university ... must be considered on the basis of its own particular circumstances' in determining if the university is a state instrumentality that enjoys the protection of the eleventh amendment." *Id.* (quoting *Soni v. Board of Trustees,* 513

---

1. An exception to this rule exists for suits that challenge the legality of a state official's actions and request injunctive relief. *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). *Pennhurst II* held that a federal court may not award injunctive relief against state officials on the basis of *state* law. 465 U.S. at 106, 104 S.Ct.

at 911. For a description of the increasingly expansive reading given to the Eleventh Amendment, see Shapiro, *The Supreme Court, 1983 Term—Comment: Wrong Turns: The Eleventh Amendment and the Pennhurst Case,* 98 Harv.L. Rev. 61 (1984).

F.2d 347, 352 (6th Cir.1975), *cert. denied,* 426 U.S. 919, 96 S.Ct. 2623, 49 L.Ed.2d 372 (1976)).

Defendants argue that the Court of Appeals has twice held that the University of Minnesota is a state instrumentality for Eleventh Amendment purposes.[2] *Schuler v. University of Minnesota,* 788 F.2d 510, 516 (8th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 932, 93 L.Ed.2d 983 (1987); *Walstad v. University of Minnesota Hospitals,* 442 F.2d 634, 641–42 (8th Cir.1971). In *Walstad,* the Court of Appeals considered a state law malpractice action brought by a patient against University of Minnesota Hospitals and several of its doctors. The Court of Appeals found University of Minnesota Hospitals to be immune from suit in federal court under the Eleventh Amendment, stating simply that "Article VIII, § 3 of the Minnesota Constitution provides that the University of Minnesota is an instrumentality of the state and expressly reserves all immunities to the University." 442 F.2d at 641. *Schuler* involved facts and claims similar to those of the present case—a dismissed graduate student brought federal § 1983 and state claims against the University and a number of individuals. The Court of Appeals considered the federal claims presented on their merits and affirmed the district court's award of summary judgment to defendants. The pendent state law claims, however, were found to be barred by the Eleventh Amendment, with the court citing *Walstad* for the proposition that the University is a state instrumentality. 788 F.2d at 516.

Plaintiff disputes *Walstad*'s interpretation of the Minnesota Constitution[3] and notes that the case arose in the context of a state tort action. Plaintiff points out that the University was originally established by Chapter 3 of the Territorial Laws of 1851, thus predating the Minnesota Constitution. Section 7 of that chapter states that the Regents "shall constitute a body corporate ... with the right ... of suing and being sued." Plaintiff argues that the Minnesota Constitution simply perpetuated the University as it already existed. She contends that the University must therefore be considered to be a separate entity rather than an arm of the State. In plaintiff's view, *Schuler* simply adopted *Walstad*'s conclusion without further analysis.

Consideration of the issue must start with the relevant appellate decisions. A close examination of *Walstad* and *Schuler* reveals that the precise issue involved here has not been resolved. In neither case does the Court of Appeals apply the test it set out in *Greenwood.* In both cases, the court found the Eleventh Amendment to bar consideration of plaintiff's state law claims (all of the claims asserted against the University in *Walstad* and the pendent claims in *Schuler*). The court reached the merits of the federal claims with respect to the University in *Schuler,* however. The Supreme Court has stated that:

if a § 1983 action alleging a constitutional claim is brought directly against a State, the Eleventh Amendment bars a federal court from granting any relief on that claim. The Amendment thus is a specific constitutional bar against hearing even *federal* claims that otherwise

---

**2.** Defendants also cite a number of district court opinions for this proposition. *Schuler v. University of Minnesota,* No. 4–84–186 (D.Minn. Mar 26, 1985), *aff'd,* 788 F.2d 510 (8th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 932, 93 L.Ed.2d 983 (1987); *King v. University of Minnesota,* 587 F.Supp. 902 (D.Minn. May 14, 1984); *Agarwal v. Regents,* No. 3–81–131 (D.Minn. Nov. 10, 1982), *aff'd,* 788 F.2d 504 (8th Cir.1986); *Fuller v. University of Minnesota,* No. 3–81–810 (D.Minn. June 8, 1982); *Stanley v. Magrath,* No. 3–80–452 (D.Minn. Mar 25, 1981). *But see Durham v. Parks,* 564 F.Supp. 244 (D.Minn.1983). These cases largely rely upon *Schuler* and *Walstad.*

**3.** Article 8, § 3 of the Constitution of 1857 provided:

The location of the University of Minnesota, as established by existing laws, is hereby confirmed, and said institution is hereby declared to be the University of the State of Minnesota. All the rights, immunities, franchises and endowments heretofore granted or conferred are hereby perpetuated unto the said university; and all lands which may be granted hereafter by Congress, or other donations for said university purposes, shall vest in the institution referred to in this section.

would be within the jurisdiction of the federal courts.

*Pennhurst II,* 465 U.S. at 120, 104 S.Ct. at 918 (emphasis in original) (citation and footnote omitted). If the Court of Appeals had found the University to be a state instrumentality with respect to federal claims, it probably would not have considered those claims in *Schuler* on the merits.[4]

Defendants have failed to establish that Eighth Circuit precedent holds the University to be a state instrumentality insofar as federal claims are concerned. Their motion to dismiss the federal claims on that basis should therefore be denied at this time.[5] Although consideration of plaintiff's state law contract claim would appear to be barred by Eighth Circuit precedent, the parties have not specifically addressed that issue and therefore the court declines to rule on the motion to dismiss with respect to that claim.

Accordingly, based on the above and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that defendants' motion to dismiss is denied without prejudice.

---

4. Although the Court of Appeals does not explain why it limited the Eleventh Amendment bar to the pendent state law claims in *Schuler,* the limitation may reflect a concern with the principles of federalism invoked by a federal court's consideration of state law claims against a state. *Pennhurst II,* 465 U.S. at 106, 104 S.Ct. at 911.

5. The parties have not provided the court with sufficient information or analysis to determine at this time under the *Greenwood* test whether or not the University should be considered a state instrumentality with respect to federal claims. Neither have the parties established whether the funds to pay any award would be derived from the state treasury or described the "degree of local autonomy and control" possessed by the University.