**Brian HILE, Plaintiff,**

v.

**JIMMY JOHNS HIGHWAY 55, GOLDEN VALLEY, et al., Defendants.**

Civ. No. 12–1672 (SRN/TNL).

United States District Court, D. Minnesota.

Oct. 9, 2012.

R. Daniel Rasmus, Rasmus Law Office, LLC, Minneapolis, Minnesota, Mark A. Greenman, Law Office of Mark A. Greenman, Minneapolis, MN, for Plaintiff.

Lindsey E. Middlecamp, Nell E. Mathews, Nancy L. Bostrom Vollertsen, Lindquist & Vennum P.L.L.P., Minneapolis, MN, for Defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD H. KYLE, United States District Judge.

Plaintiff Brian Hile, who is deaf, alleges in this action that he was denied a job as a delivery driver at five Jimmy John's [1] franchises (the Franchises) in the Twin Cities area on account of his disability. He has sued each of the Franchises, as well as franchisor Jimmy John's LLC (Jimmy John's), under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and the Minnesota Human Rights Act (MHRA), Minn.Stat. § 363A.01 *et seq.* The Franchises now move to dismiss Hile's claims as untimely. For the reasons that follow, their Motion will be denied.

## BACKGROUND

Hile has been a delivery driver for Domino's Pizza and Pizza Hut since 1992. (Am. Compl. ¶ 3.) In the later summer and fall of 2009, he sought to supplement his income by adding an extra job as a Jimmy John's delivery driver. (*Id.* ¶ 4.) He applied for such a position at each of the Franchises, informing them that he was deaf and that he could perform the duties of the position with reasonable accommodation. Each Franchise turned him down, allegedly advising him that they could not hire him because he could not verbally communicate with customers. (*Id.* ¶¶ 8–10, 13–15, 18–20, 23–25, 28–30.) Hile asserts, upon information and belief, that he was denied the positions because Jimmy John's has a policy of requiring that all of

---

1. Although the Complaint spells the company's name Jimmy Johns, its website indicates that the possessive form Jimmy John's is correct.

its delivery drivers have the ability to verbally communicate with customers. (*Id.* ¶ 32.)

Hile commenced the instant action on July 11, 2012, asserting that the Franchises had violated the ADA and MHRA by denying him employment based on his disability. He also asserted that Jimmy John's had implemented an unlawful policy requiring delivery drivers to be able to verbally communicate with customers. The Complaint did not mention whether he had filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC) or the Minnesota Department of Human Rights (MDHR).[2] Before any Defendant had appeared, Hile filed an Amended Complaint asserting the same claims as his initial Complaint but adding allegations regarding discrimination charges he claims to have filed. In particular, he alleged that on December 13, 2011, he filed charges of discrimination with the [MDHR] and the [EEOC], which purportedly alleged that several [Jimmy John's] stores in the Twin Cities metropolitan area, including [the Franchises], refused to hire him as a delivery driver because of his disability. (*Id.* ¶¶ 34, 36.)

Yet, no charge dated December 13, 2011, is attached to the Amended Complaint. Rather, five charges (one for each Franchise) dated *January 9, 2012*, are attached. (*Id.* Ex. 1.)[3] Those five charges, according to the Amended Complaint, came in response to an EEOC request that he amend his initial charge of discrimination to include all Defendants named herein. (*Id.* ¶ 37.) Without context, this allegation is somewhat confusing. The record, however, offers some clarification.

It appears that in late 2009, Hile filed a discrimination charge with the EEOC naming as the respondent only Jimmy John's, but listing each of the Franchises as the locations where discrimination had occurred. (*See* Hile Aff. Ex. A.) The EEOC ostensibly asked Hile to amend this charge to name each Franchise as an individual respondent, and Hile then filed five separate discrimination charges in January 2012, which are the charges attached to his Amended Complaint. It is unclear, therefore, why he references a (nonexistent) December 13, 2011 EEOC charge in his Amended Complaint. Regardless, the EEOC dismissed *all* of his charges—including the 2009 charge against Jimmy John's—and issued him right-to-sue letters on April 30, 2012. (Compl. Ex. 2.)

The Franchises (but not Jimmy John's) now move to dismiss Hile's claims in this action as untimely. The Motion has been fully briefed, and the Court heard oral argument on September 28, 2012. The Motion is now ripe for disposition.

## STANDARD OF REVIEW

The Supreme Court set forth the standard for evaluating a motion to dismiss in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). To avoid dismissal, a complaint must include enough facts to state a claim to relief that is plausible on its face. *Twombly,* 550 U.S. at 547, 127 S.Ct. 1955. A formulaic recitation of the elements of a cause of action will not suffice. *Id.* at 555, 127 S.Ct. 1955; *accord Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. Rather, the party seeking relief must set forth sufficient facts to

---

2. As discussed below, an individual must file an administrative charge of discrimination and receive a right to sue letter before commencing an action under the ADA or the MHRA.

3. Four contain a typewritten date of December 13, 2011, which was written over (apparently by Hile) on January 9, 2012.

nudge[ ] the[ ] claim[ ] across the line from conceivable to plausible. *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955. 'The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [party] has acted unlawfully. *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly,* 550 U.S at 556, 127 S.Ct. 1955).

When reviewing a motion to dismiss, the Court must accept a plaintiff's specific factual allegations as true but [need] not . . . accept ·. . . legal conclusions. *Brown v. Medtronic, Inc.,* 628 F.3d 451, 459 (8th Cir.2010) (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). The complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the non-moving party. *Twombly,* 550 U.S. at 554–56, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937. ·

## ANALYSIS

The thrust of the instant Motion is that Hile's claims are untimely because his discrimination charges were filed beyond the ADA's and MHRA's time limitations. A claimant must exhaust administrative remedies by filing an ADA discrimination charge with the EEOC within three hundred days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e–5(e)(1);[4] *accord, e.g., Tusing v. Des Moines Indep. Cmty. Sch. Dist.,* 639 F.3d 507, 520 (8th Cir.2011) (Under the . . . ADA, Tusing was required to bring a charge of discrimination within 300 days of

the alleged discriminatory act.). The MHRA contains a similar provision, but with a one-year (rather than 300–day) time limit. *See* Minn.Stat. § 363A.28, subd. 3; *Longaker v. Boston Scientific Corp.,* 872 F.Supp.2d 816, 820–21, 2012 WL 1886495, at *4 (D.Minn. May 23, 2012) (Montgomery, J.). The Franchises argue that Hile's charges were filed too late, as the Amended Complaint alleges he was denied employment sometime in late summer or early fall 2009 (Am. Compl. ¶¶ 7, 12, 17, 22, 27) but he did not file his charges until December 2011, more than two years later.

At first blush, there appears to be merit to this argument. Indeed, Hile seems to recognize as much, because in his opposition he retreats from the (nonexistent) 2011 charge mentioned in the Amended Complaint, instead pointing to the charge he filed in 2009. (Mem. in Opp'n at 1–2.) As noted above, that charge named only Jimmy John's as the respondent and alleged that Hile had applied for jobs at each of the Franchises but was denied employment because of his disability. He explains that he amended this charge in January 2012 at the request of the EEOC, so that *each* [Franchise] would have a separate Charge of Discrimination. (Hile Aff. ¶ 4 (emphasis added); *accord* Am. Compl. ¶ 37 (In January 2012, the EEOC invited Mr. Hile to amend his charge of discrimination to include all Defendants named herein.).) · And he argues that these later-filed charges, which were addressed to each Franchise individually rather than the franchisor, were timely because they were simply *amendments* to the 2009· charge against Jimmy John's. (Mem. in Opp'n at 4–6.) In support, he relies upon 29 C.F.R. § 1601.12(b), which provides that a charge may be amended to

---

4. *This time limit is contained in Title VII of the Civil Rights Act of 1964, which applies to claims under the ADA. See* 42 U.S.C. § 12117(a) ( [The] procedures set forth in sec- tion[ ] . . . 2000e–5 . . . shall be the .:. procedures [for] any person alleging discrimination on the basis of disability.).

cure technical defects or omissions, and such amendments relate back to the date the charge was first received.

The Franchises offer two arguments in response: (1) the Court cannot consider the 2009 charge on a motion to dismiss and (2) even if it could, the 2009 charge does not alter the outcome. Neither argument is persuasive.

## I. The Court may consider the 2009 charge

The Franchises first argue that Hile's 2009 charge is not mentioned in the Amended Complaint and is therefore beyond the pleadings. (Reply at 1.) As the Court's analysis must be confined to the pleadings when ruling on a motion to dismiss, they contend that the Court must ignore this charge. (*Id.* at 1, 7.)[5]

■■■ But while the Franchises are correct that matters beyond the pleadings generally may not be considered when ruling on a motion under Rule 12(b)(6), public records are not beyond the pleadings. *See, e.g., Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir.2011); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir.2003). And the Eighth Circuit has expressly recognized that an EEOC charge is a part of the public record. *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir.2011) (considering EEOC charge despite fact it was not attached to complaint); *accord, e.g., Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802–03 (8th Cir.2002). Hence, the Court may properly consider the 2009 charge here.

■■■ In any event, the Court could consider that charge even if it were not part of the public record, by converting the pending Motion into one for summary judgment. See Fed.R.Civ.P. 12(d). When matters beyond the pleadings are presented to the Court in connection with a motion to dismiss, the Court has complete discretion whether to exclude the material and proceed under Rule 12 or consider it and proceed under Rule 56. *Stahl*, 327 F.3d at 701. It would be particularly inappropriate to ignore the 2009 charge here when it is critical to an assessment of the timeliness of Hile's claims.[6]

## II. The later charges relate back to the 2009 charge

■■■ Although the Court may consider the 2009 charge for the reasons set forth

---

**5.** It appears that the 2009 charge was assigned number 444–2010–00098 by the EEOC (*see* Hile Aff. Ex. A), which matches the number on one of the right-to-sue letters attached to the Amended Complaint. Hence, the Amended Complaint does refer, albeit obliquely, to the 2009 charge.

**6.** The statute of limitations is an affirmative defense that a *defendant* must plead and prove, Fed.R.Civ.P. 8(c)(1), and hence questions regarding timeliness generally must be resolved by a motion for summary judgment rather than a motion to dismiss. *See, e.g., Jessie v. Potter*, 516 F.3d 709, 713 n. 2 (8th Cir.2008). Yet, it is not entirely clear that an EEOC filing deadline should be treated like a statute of limitations-some courts have held that compliance with such a deadline is *a condition precedent to suit* that must be pleaded and proved by the plaintiff, rather than an affirmative defense on which the defendant bears the burden. *See Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1167 (10th Cir.2007); *but see Colbert v. Potter*, 471 F.3d 158, 165 (D.C.Cir.2006) ( [A] statute of limitations defense under Title VII is an affirmative defense. Therefore, [the defendant] bears the burden of pleading and proving it.) (internal citations and quotation marks omitted). The Eighth Circuit has noted this split but expressly declined to address the issue. *See Jessie*, 516 F.3d at 713 n. 2. Ultimately, the Court need not do so here, because the Franchises have argued that the deadlines in the ADA and MHRA are statutes of limitations; the Court simply follows their lead. (*See, e.g.,* Def. Mem. at 2 (noting the MHRA's one-year statute of limitations); Reply at 1 (pointing to [t]he statutes of limitations in the ADA and MHRA).)

848

above, the Franchises argue it does not alter the outcome because the charges Hile filed in 2012 cannot relate back to it. They point out that the earlier charge named as a respondent only Jimmy John's, the *franchisor*, but they are separate entities from Jimmy John's. Because they were not expressly named in an EEOC charge until 2012, and because Hile has not cited any cases where a charge naming a *new* defendant ... was held to relate back to an earlier charge (Reply at 9), the Franchises argue that Hile's claims must be dismissed. The Court does not agree.

The Franchises are correct that, [g]enerally speaking, only the respondents named in the administrative charge may be sued in a subsequent civil action, *Chappell v. Butterfield–Odin Sch. Dist. No. 836*, Civ. No. 08–851, 2008 WL 4755837, at *4 (D.Minn. Oct. 27, 2008) (Schiltz, J.), although this is not a hard-and-fast rule, *see Greenwood v. Ross*, 778 F.2d 448, 451 (8th Cir.1985) (Omission of a party's name from the EEOC charge does not automatically mandate dismissal of a subsequent action.). Here, while Hile's 2009 charge named only Jimmy John's as the respondent, it specifically identified the locations where he had been denied employment, including each Franchise. He later amended his charge to name the Franchises as individual respondents, ostensibly at the EEOC's request.

Under these circumstances, the Court determines that the 2012 charges were technical amendments under 29 C.F.R. § 1601.12(b) and, hence, relate back to the 2009 charge. In particular, the later charges did not change the nature of the alleged discrimination or the locations of the alleged misconduct, but simply corrected the names of the respondents from the franchisor to the Franchises. *See EEOC v. Randstad*, 685 F.3d 433, 444 (4th Cir. 2012) (relation back appropriate under Section 1601.12(b) where amendment makes no new factual allegations). Courts have noted that correcting a [respondent's] name or address is the type of technical amendment that 29 C.F.R. § 1601.12(b) is intended to address. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 n. 1 (10th Cir.1999); *accord, e.g., Clark v. Johnson Controls World Servs., Inc.*, 939 F.Supp. 884, 888–89 (S.D.Ga.1996).

This conclusion also comports with the structure of Section 1601.12. The regulation lists the required contents of a discrimination charge, including the full name and address of the person against whom the charge is made, *if known* (hereinafter referred to as the respondent). 29 C.F.R. § 1601.12(a)(2) (emphasis added). In the next paragraph, it provides that a charge may be amended to cure technical defects or omissions, [n]otwithstanding the provisions of paragraph (a). *Id.* § 1601.12(b). In other words, the regulation contemplates in paragraph (a) that a plaintiff may not know the precise identity of the respondent, and suggests in paragraph (b) that an amendment to provide the correct name would be appropriate.

Furthermore, it is not lost on the Court that companies often have complex ownership structures not immediately apparent to outsiders, and it is not uncommon for franchises to be company (rather than individually) owned. *See, e.g., Bandag, Inc. v. Jack's Tire & Oil, Inc.*, 190 F.3d 924, 926 (8th Cir.1999) (*per curiam*). The Court perceives no reason why Mile should have been aware that the Franchises were separate entities from Jimmy John's, and they have offered none. At bottom, Congress simply could not have intended that the administrative-charge requirement be applied so rigidly that a person filing EEOC charges [must] accurately ascertain, at the risk of facing later dismissal, at the time the charges were made, every

separate entity which may have violated [the ADA]. *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130,* 657 F.2d 890, 906 (7th Cir.1981); *accord, e.g., Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3rd Cir.1977); *EEOC v. Bass Pro Outdoor World, LLC,* 884 F.Supp.2d 499, 528–29, 2012 WL 1965685, at *25 (S.D.Tex.2012).

The Franchises argue that the relation-back rule should not apply here because they had no notice of the prior charge[ ] Hile filed in 2009. (Reply at 8.) They assert that courts permit charges to relate back to earlier ones against different respondents only when the later-named entity had notice of the prior charge and the opportunity to participate in the EEOC's conciliation process. (*Id.* at 8–10.) Of course, there is no evidence in the record that the Franchises lacked notice of Hile's 2009 charge. And it strikes the Court as particularly unlikely that neither the EEOC nor Jimmy John's would have contacted the Franchises while investigating Hile's claims, as he specifically identified them as the locations where the discrimination had taken place.[7]

Regardless, a defendant not named in an EEOC charge may be sued notwithstanding the administrative exhaustion requirement when there exists a sufficient identity of interest between it and a named respondent. *Chappell,* 2008 WL 4755837, at *5 (citing *Greenwood,* 778 F.2d at 451). Here, it seems readily apparent that a franchisor and its franchisees have an identity of interest in defending discrimination claims based on the franchisees' conduct, particularly when that conduct purportedly was undertaken due to the *franchisor's* unlawful policies. More importantly, whether there exists an identity of interest is a fact question ill-suited to resolution at this early juncture of the case. *Id.*

Lastly, the Franchises argue they will be significantly prejudiced if Hile's claims are permitted to proceed, asserting that the passage of time since he applied for employment will make it difficult for them to present a defense against the substance of [his] allegations. (Reply at 12–13.) There is nothing in the record, however, indicating that documents have been lost, employees with relevant knowledge are no longer employed, or any other evidence has disappeared since his 2009 applications. The Franchises simply have not shown *any* prejudice, let alone *significant* prejudice.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that the Franchises' Motion to Dismiss (Doc. No. 4) is **DENIED.**

---

7. At oral argument, the Franchises asserted that Hile was obligated *to plead they* had notice of the 2009 charge. The Court can find no support for that proposition. *See Drebing v. Provo Grp., Inc.,* 494 F.Supp.2d 910, 913 n. 4 (N.D.Ill.2007) (rejecting argument that a plaintiff must specifically allege that the defendant not named in the EEOC charge had notice of the EEOC charge and an opportunity to participate in conciliation proceedings). Indeed, so holding would conflict with the principle that timeliness is an affirmative defense around which a plaintiff need not plead. *See, e.g., Davis v. Ind. State Police,* 541 F.3d 760, 763 (7th Cir.2008).