Faye JONES, Plaintiff–Appellant,

v.

Anthony M. FRANK, Postmaster General; United States Postal Service, Southern Region, Defendants–Appellees.

No. 91–1839.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1992.

Decided Aug. 26, 1992.

R.S. McCullough, Little Rock, Ark., argued, for plaintiff-appellant.

Lori J. Dym, Washington, D.C., argued (Charles A. Banks and Linda Lipe, Fort Smith, Ark., and Jesse L. Butler, Washington, D.C., on brief), for defendants-appellees.

Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.

LOKEN, Circuit Judge.

Faye Jones appeals the district court's [1] grant of summary judgment in favor of the United States Postal Service (USPS) and Postmaster General Anthony Frank on her Title VII claim that sex discrimination was at the root of her discharge for submitting a false employment application. *See* 42 U.S.C. § 2000e–16. She argues that there is a genuine issue of material fact precluding summary judgment because USPS reinstated three comparable male employees who had been discharged for similar misconduct. We affirm.

## I.

The material facts in this case are undisputed. Jones, a black woman, first worked for USPS as a distribution clerk in St. Louis from 1973 until 1975. USPS terminated her due to absenteeism in December 1975, but cancelled the termination and allowed her to resign in March 1976 after she produced medical evidence that a nervous condition and blackouts had caused her frequent absences from work. However, both the supervisor and the senior operating official recommended that she not be rehired because of her unsatisfactory attendance record.

In October 1978, Jones applied for a position with the Post Office in McGehee, Arkansas. On the standard USPS application, she listed her St. Louis Post Office position in the previous work experience section and answered yes to the question whether she was a former federal civilian employee. She was not hired by the McGehee Postmaster "because of prior attendance record and recommendation of former Postal Supervisors."

In September 1984, Jones applied for a position at the Post Office in Pine Bluff, Arkansas. On this application, she answered "No" to the question whether she was a former federal civilian employee. She also did not disclose her St. Louis Post Office experience on the application or in her interview with the Pine Bluff Postmaster, Louie Shiver.

Shiver hired Jones on May 25, 1985, and she completed her probationary period without incident. However, her prior St. Louis employment surfaced when she became a permanent employee and attempted to enroll in the USPS health insurance plan. Shiver asked Jones for an explanation. After initially responding that she had misunderstood the application form question, Jones admitted at a meeting with Shiver, Superintendent of Postal Operations Eugene Brannon, and Station Manager John Howard that she had not disclosed her St. Louis experience because she feared that

1. The HONORABLE GARNETT THOMAS EISELE, Senior United States District Judge for the Eastern District of Arkansas.

she would not get the job, as had happened in McGehee. On November 25, 1985, Shiver issued a Notice of Removal, effective December 26, terminating Jones for falsifying her employment application. Consistent with standard USPS procedure, Shiver's immediate supervisor, the Manager and Postmaster of the Little Rock Management Sectional Center, concurred in this decision.

Jones then filed a complaint with the Postal Service's EEO counselor, alleging race and sex discrimination, and requesting reinstatement with back pay. During informal and formal EEO counseling, USPS made two settlement offers that Jones did not accept—reinstatement to a position at the Little Rock facility, or consideration for the next opening in Pine Bluff free of any prejudice from the prior falsification and her St. Louis experience. Jones elected to press her administrative claim. Although an administrative law judge recommended a decision in her favor on the sex discrimination claim, USPS rejected her claims, finding no discrimination, and the EEOC's Office of Review and Appeals affirmed that final decision.

Jones then commenced this action. Her complaint alleged that USPS had given her false application as the reason for discharge—an allegation that defendants of course admitted—but that she was the victim of race and sex discrimination because "[t]hree males, one white, have been offered reinstatement to employment with the Little Rock Post Office after termination for analogous inaccurate or omitted information on their applications for employment." A pretrial deposition confirmed that this comparison forms the entire factual basis for her disparate treatment claim.[2]

The parties filed cross-motions for summary judgment. The district court denied Jones's motion and granted summary judgment in favor of defendants, concluding that race was not a factor in the decision to terminate and that Jones had failed to make out a prima facie case of sex discrimination because the three male comparative employees were not similarly situated. Jones appeals only the district court's sex discrimination ruling.

## II.

Jones asserts that, because she was not reinstated, she was discriminatorily treated as compared to three male employees in the Little Rock Post Office who were terminated for falsifying their employment applications and then reinstated to their former positions between December 1978 and March 1980. This, she argues, raises a genuine issue of material fact on the ultimate issue in the case: whether USPS intentionally discriminated against her on account of her sex. We review this issue de novo under the familiar standards for review of the grant of summary judgment. *See, e.g., Get Away Club, Inc. v. Coleman,* 969 F.2d 664 (8th Cir.1992).

Jones has no direct evidence of sex discrimination, and the pleadings establish that defendants articulated a legitimate nondiscriminatory reason for discharge— her false employment application. Therefore, under the burden-shifting model first articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973), Jones has the burden of proving both a prima facie case of sex discrimination and that the legitimate reason offered for her discharge was but a pretext for sex discrimination. *See Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981).

To establish a prima facie case of sex discrimination, Jones must prove by a preponderance of the evidence that she was discharged "under circumstances which give rise to an inference of unlawful discrimination." *Burdine,* 450 U.S. at 253,

---

**2.** Q [by counsel for defendants]: I'm just trying to get this narrowed down a little bit. What facts make you believe that you were discriminated against in this removal action and not being reinstated?

A [by Ms Jones]: Because of the three guys in Little Rock that were reinstated.

Q: That's all? Is that the only—that's the whole case as far as you're concerned?

A: Yes.

101 S.Ct. at 1094. The elements of a prima facie case vary with the circumstances of the alleged discrimination. *See McDonnell Douglas*, 411 U.S. at 802 n. 13, 93 S.Ct. at 1824 n. 13. This case turns on the reinstatement issue, since Jones has *no* evidence that she was discriminatorily discharged. Therefore, as the district court recognized, to make out a prima facie case Jones must show that she is a member of a protected class who was qualified for but was denied reinstatement, while a similarly situated employee outside of her protected class, and with a similar work history, was reinstated. *See Timms v. Frank*, 953 F.2d 281, 286 (7th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 2307, 119 L.Ed.2d 228 (1992), citing *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976).

■ Jones argues that she has met that burden by showing that Pine Bluff Postmaster Shiver refused to reinstate her, whereas the Little Rock Post Office reinstated the three men after discharging them for a comparable offense. Her argument assumes that these reinstatement decisions were the typical discretionary personnel decisions of USPS's supervisors, in other words, that these were *procedurally* comparable decisions. They were not. All four discharged employees had filed formal EEO complaints. The three men agreed to reinstatement in settlement of their claims. One of the three received back pay; the other two did not. The record is silent as to what offers, counteroffers, and negotiations may have preceded each of those settlements.

Jones on the other hand did not settle her formal EEO complaint. USPS offered to settle by reinstating Jones to a position at the Little Rock Post Office, or by considering her for the next opening in Pine Bluff. She declined those offers, and again the record does not reflect what negotiations

or other proposals may have preceded the ultimate failure to settle. The record also does not show who controlled the settlement process for USPS; we can be fairly certain that the person who decided that Jones should be offered a position at the Little Rock Post Office was at a different level in the organization than Shiver, the Pine Bluff Postmaster who discharged her.[3]

In addition to this lack of procedural comparability—the futility of attempting to compare four settlement situations without far more information than Jones has presented—is the strong evidence of noncomparability cited by the district court. The three men worked at a different postal facility. They were reinstated by their local supervisor, the Little Rock Postmaster. Shiver, the Pine Bluff Postmaster who had authority to reinstate Jones, did not participate in those Little Rock reinstatements and has adopted a management policy of not reinstating employees who falsify their employment applications. As the Seventh Circuit recently stated, "it is difficult to say that the difference [in reinstatement decisions] was more likely than not the result of intentional discrimination when two different decision-makers are involved." *Timms*, 953 F.2d at 287. *See also Tate v. Weyerhaeuser Co.*, 723 F.2d 598, 605–06 (8th Cir.1983), *cert. denied*, 469 U.S. 847, 105 S.Ct. 160, 83 L.Ed.2d 97 (1984).

Like the plaintiff in *Lanear v. Safeway Grocery*, 843 F.2d 298, 301 (8th Cir.1988), Jones's claim of unlawful disparate treatment must rest on proof that she and the three men are "similarly situated in all relevant respects." Given the undisputed evidence of noncomparability summarized above, we agree with the district court that no reasonable jury could find that the reinstated men were similarly situated in all relevant respects. *Compare Smith v.*

---

**3.** Shiver's Declaration under oath stated that, "I do not recall Ms. Jones ever requesting reinstatement." Without disputing that, Jones testified that she was never offered reinstatement at Pine Bluff, only Little Rock. With no evidence that Shiver controlled or was even involved in the EEO settlement process, Jones has totally

failed to identify the USPS decision-maker whose reinstatement decision intentionally discriminated against her on the basis of her sex. Sex discrimination may be proved by inference, but such proof requires identifying a relevant actor who has, by inference, discriminated.

*Monsanto Chem. Co.*, 770 F.2d 719, 723–24 (8th Cir.1985), *cert. denied,* 475 U.S. 1050, 106 S.Ct. 1273, 89 L.Ed.2d 581 (1986). Therefore, Jones has failed to prove a prima facie case of sex discrimination, she has failed to prove that the reason given for her discharge was pretextual, and defendants are entitled to summary judgment dismissing her sex discrimination claim. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986).

The judgment of the district court is affirmed.