7 F.3d 1042
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Samuel NEWTON, Appellant,
v.
R. F. LEGGETT, Maintenance Coordinator; R. H. Smith,
Construction Administrator; A. L. Lockhart, Director,
Arkansas Department of Correction; Morris Dreher, Member of
the Board of Arkansas Department of Correction; James
Mason, Member of the Board of Arkansas Department of
Correction; David C. McClinton, Member of the Board of
Arkansas Department of Correction; Hezekiah Stewart, Member
of the Board of Arkansas Department of Correction; Bobby
Roberts, Member of the Board of Arkansas Department of
Correction, Appellees.
 No. 93-1989EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 22, 1993.
Filed: October 26, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Samuel Newton, a black employee of the Arkansas Department of Correction (ADC), brought this employment discrimination action against various ADC officials under Title VII, 42 U.S.C. §§ 2000e through 2000e-17, and 42 U.S.C. §§ 1981, 1983, 1985, and 1986. Newton alleged the ADC officials failed to promote him because of his race, and investigated his work performance and suspended him with pay in a conspiracy to retaliate against him for complaining about their failure to promote him. The district court granted summary judgment to the ADC officials. Newton appeals.
 
 
 2
 We review a grant of summary judgment de novo, and affirm when the record, viewed in the light most favorable to the nonmoving party, shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). We conclude the district court properly granted summary judgment because Newton failed to establish a prima facie case of discrimination or retaliation. See Jones v. Frank, 973 F.2d 673, 677 (8th Cir. 1992).
 
 
 3
 To establish a prima facie case of discriminatory failure-to-promote, Newton had to show, among other things, that his qualifications were similar to those of the employee who received the promotion Newton sought. Marzec v. Marsh, 990 F.2d 393, 395-96 (8th Cir. 1993). Newton failed to make this showing, and thus, we agree with the district court that Newton failed to establish a prima facie case on his failure-to-promote claim. We also agree with the district court that Newton did not establish a prima facie case on his claim that the ADC officials suspended him in retaliation for his complaint of discriminatory failure-to-promote. To establish a prima facie case of unlawful retaliation, Newton had to show he complained of discrimination, the ADC officials took adverse action against him, and the adverse action was causally linked to his discrimination complaint. Id. at 396. Because Newton did not complain of discrimination until after he was reinstated from suspension, the complaint could not have caused his suspension.
 
 
 4
 Newton's remaining claims are meritless. Accordingly, we affirm.