46 F.3d 1135
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Keithian L. ARNOLD, Appellant,
v.
BOATMEN's TRUST COMPANY, Appellee.
 No. 94-2559.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 29, 1994.
Filed: Jan. 20, 1995.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kethian Arnold brought this employment discrimination action against Boatmen's Trust Company (Boatmen's) claiming that because of his race and sex, and in retaliation for filing Equal Employment Opportunity Commission charges and a lawsuit, Boatmen's refused to hire him in violation of Title VII and 42 U.S.C. Sec. 1981. Concluding that Arnold presented no direct evidence of discrimination or retaliation and failed to show that Boatmen's hiring decisions were not motivated by legitimate employment goals, the district court[1] granted summary judgment to Boatmen's. Arnold appeals. We affirm.
 
 
 2
 We conclude that Arnold has not established a Title VII or 42 U.S.C. Sec. 1981 violation. He offered no direct evidence of race or sex discrimination, and therefore had to establish a prima facie case in accordance with McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Jones v. Frank, 973 F.2d 673, 675 (Title VII); Richmond v. Board of Regents of Univ. of Minn., 957 F.2d 595, 598 n.1 (8th Cir. 1992) (Civil Rights Act of 1991 did not effect application of McDonnell Douglas prima facie showing to Sec. 1981 cases). Arnold failed to establish a prima facie case of sex discrimination, because men were hired for the disputed positions. See Kobrin v. Univ. of Minn., 34 F.3d 698, 702 (8th Cir. 1994) (elements of prima facie sex discrimination case). Assuming Arnold stated a prima facie case of race discrimination, he has offered no evidence to show that Boatmen's reason for refusing to hire him-that those hired were more qualified-was pretextual and that the true reason was his race. See Harvey v. Anheuser-Busch, Inc., No. 93-3079, slip op. at 6-7 (8th Cir. Oct. 17, 1994) (summary judgment proper where plaintiff presented no credible evidence of pretext); cf. Favors v. Fisher, 13 F.3d 1235, 1236-37 (8th Cir. 1994) (not promoting black applicant because white applicant is more qualified is legitimate, nondiscriminatory reason which rebuts prima facie case of discrimination). For the same reason, we conclude that summary judgment was also proper on Arnold's retaliation claim. See Jackson v. Missouri Pac. R.R. Co., 803 F.2d 401, 406-07 (8th Cir. 1986) (prima facie elements of and burden shifting in retaliation case). To the extent Arnold raised a disparate impact claim, he failed to state a prima facie case. See Bradley v. Pizzaco of Neb., Inc., 939 F.2d 610, 612 (8th Cir. 1991), cert. denied, 112 S. Ct. 933 (1992).
 
 
 3
 We also conclude that the district court did not abuse its discretion in denying Arnold's motions for a default judgment and recusal. See Swink v. City of Pagedale, 810 F.2d 791, 792 (8th Cir.) (default judgment standard of review), cert. denied, 483 U.S. 1025 (1987). In re Hale, 980 F.2d 1176, 1178 (8th Cir. 1992) (recusal standard of review).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District or Missouri