_____

No. 95-2643
_____

Irma Barge,                          *
                                     *
     Plaintiff-Appellant,            *
                                     *  Appeal from the United States
          v.                         *  District Court for the Eastern
                                     *  District of Missouri.
Anheuser-Busch, Inc.,                *
                                     *
     Defendant-Appellee.             *
                                     *
                                     *

_____

          Submitted:  March 14, 1996

           Filed:  June 26, 1996
_____


Before MAGILL, FLOYD R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit Judges.


FLOYD R. GIBSON, Circuit Judge.

     Irma Barge appeals the district court's[1] summary judgment dismissal of her 42 U.S.C. § 1981 (1994) claims.  We affirm.

## I. BACKGROUND

     Viewing the record in the light most favorable to Barge, the following facts have been established.  Barge began her career with Anheuser Busch in 1978 and worked the midnight shift as a bottler in its St. Louis warehouse.  Barge, who was a member of Teamsters Local Union No. 1187 ("Union") and covered by the collective bargaining agreement, had a severe absenteeism problem.  From 1986

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

through 1990, Barge missed 1,310 work days.  In other words, she showed up for barely a quarter of the days she had been scheduled to work.  Barge was terminated in March of 1991 for violation of the company attendance policy.

After Barge filed a claim with the Equal Employment Opportunity Commission (EEOC), Barge, Anheuser Busch, and the Union agreed to reinstate Barge in August 1991 and place her on three months probation.  As part of the settlement agreement, Barge agreed to repay any disability overpayments she had received from the company's insurer.  After a brief return, Barge quit coming to work after January 17, 1992.  Her subsequent requests for disability leave were granted, and Barge took disability retirement as of August 31, 1992.

Barge instituted this 42 U.S.C. § 1981 action on June 3, 1993, alleging employment discrimination based on: her race (Count I), in retaliation for filing a prior civil rights claim (Count II), her disability (manic depressive lupolar/acute paranoid disorder/personality disorder) (Count III), and her gender (Count IV).  Because gender and disability discrimination are not cognizable under § 1981, the district court granted Anheuser Busch's motion to dismiss Counts III and IV pursuant to Fed. R. Civ. P. 12(b)(6). Anheuser Busch then moved for summary judgment on the remaining two counts.  When Barge failed to respond to the motion, the district court granted summary judgment on the remaining claims.  Barge appeals.

## II. DISCUSSION

We review the district court's grant of summary judgment de novo, applying the same standard as the district court and examining the record in the light most favorable to the nonmoving party. <u>Harvey v. Anheuser Busch, Inc.</u>, 38 F.3d 968, 971 (8th Cir. 1994).  Summary judgment is appropriate when "the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party will be entitled to judgment as a matter of law when the nonmoving party has failed to "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex, 477 U.S. at 323. After the moving party has met its burden of production, the nonmoving party may not rely on mere denials or allegations in its pleadings, but must "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)).

Both Barge's racial discrimination claim and her retaliatory discharge claim are analyzed under the framework set forth in McDonnell Douglas v. Green, 411 U.S. 792, 802-03 (1973), and further refined in St. Mary's Honor Center v. Hicks, 113 S. Ct. 2742 (1993). Ruby v. Springfield R-12 Pub. Sch. Dist., 76 F.3d 909 (8th Cir. 1996). "To prevail on a § 1981 claim, a plaintiff must prove discriminatory intent." Greenwood v. Ross, 778 F.2d 448, 456 (8th Cir. 1985). In order to establish a prima facie case of racial discrimination under § 1981, a plaintiff must show: (1) she is a member of a protected class; (2) she is qualified for the position; (3) adverse employment action; and (4) some evidence that would allow the inference of improper motivation. Landon v. Northwest Airlines, Inc., 72 F.3d 620, 624 (8th Cir. 1995). In this case, Barge's complaint alleges that she was racially discriminated against by: (1) being denied assignment to the "early side" shift; (2) being denied favorable treatment with respect to temporary employee layoffs; and (3) being denied equal time for restroom breaks. In order to prove the fourth prong of her prima facie case, then, Barge must show that similarly situated white employees were given preference over her with respect to "early side" shift assignments, employee layoffs, and restroom breaks.

See Jones v. Frank, 973 F.2d 673, 675-76 (8th Cir. 1992).

A plaintiff establishes a prima facie case of retaliation under § 1981 by proving: (1) statutorily protected participation; (2) adverse employment action; and (3) a causal relationship between the two. Ross, 778 F.2d at 456. In this case, Barge claims that her supervisors retaliated against her for filing the prior EEOC claim by: (1) harassing her on the job; (2) denying her requests for assistance with job-related tasks; and (3) denying her disability benefits. To prevail on her claim, Barge must necessarily demonstrate some causal nexus between the prior EEOC claim and the alleged retaliation.

The defendant may rebut the prima facie presumption by offering a legitimate, nondiscriminatory reason for the adverse action. Hicks, 113 S. Ct. at 2747. Once the defendant has carried its burden, the McDonnell Douglas framework and its attendant presumptions and burdens are no longer relevant. Hicks, 113 S. Ct. at 2749. The ultimate burden of persuasion, however, remains with the plaintiff at all times. Id. at 2747. With this analytical framework in mind, we turn to the specifics of Barge's appeal.

Anheuser Busch argued in its motion for summary judgment that Barge had failed to state a prima facie case of racial discrimination. It also offered the collective bargaining agreement and its own company policy regarding habitual restroom break abusers as legitimate nondiscriminatory reasons for the alleged adverse employment action. Anheuser Busch supported its motion with an affidavit from Robert Vierling, Anheuser Busch's supervisor of warehouse and shipping. Vierling stated in his affidavit that the company allocated its "early side" shift assignments to whites and blacks equally, under the terms of the collective bargaining agreement, according to seniority and the employees' ability to perform the work. Vierling also stated that the company's allocation of restroom breaks was nondiscriminatorily

-4-

governed by the terms of the collective bargaining agreement and the company's policy of counting an employee's excessive nonscheduled restroom breaks against scheduled breaks where that employee abused his or her break times. He went on to state that Barge had been identified as a habitual abuser.

Anheuser Busch also submitted the affidavit of Cheryl Adler, Anheuser Busch's assistant manager of employee relations, who testified that Barge's excessive absences were in violation of the company attendance policy, and that Barge had expressly relinquished her right to the disputed disability payments under the terms of her settlement agreement. Anheuser Busch also argued in its motion that Barge had been unable to point to any similarly situated white employees who were given preference over her with respect to shift assignments, layoffs, or restroom breaks during the time period in question.

Anheuser Busch also moved for summary judgment on the retaliation claim. It asserted that Barge had failed to state a prima facie case because Barge had offered no evidence connecting the filing of her EEOC charge to either her alleged harassment, denial of assistance, or denial of disability benefits. Anheuser Busch pointed out that Barge had failed to show that the individuals responsible for the alleged harassment and denial of assistance were even aware of the EEOC charge. Barge made no reply to Anheuser Busch's motion.

The district court granted Anheuser Busch's motion for summary judgment, concluding that Barge had failed to establish a prima facie case of racial discrimination. Even if she had, the district court found that Barge had failed to offer any evidence of pretext to rebut Anheuser Busch's legitimate nondiscriminatory reason for the alleged adverse employment action. We agree. Anheuser Busch's uncontroverted evidence demonstrates that Barge was not treated differently than similarly situated white employees during the

relevant time frame with respect to either "early side" shift assignments, layoffs, or restroom breaks, leaving the district court with no evidence whatsoever that would allow it to infer discriminatory intent. Even if Barge had been able to state a prima facie case, she failed to rebut Anheuser Busch's legitimate nondiscriminatory reason for the challenged employment action with any evidence of pretext. Ruby, 76 F.3d at 912 (affirming summary judgment where Title VII plaintiff failed to rebut defendant's legitimate nondiscriminatory reason for challenged employment action); Harvey, 38 F.3d at 972-73 (affirming summary judgment where Title VII plaintiff failed to rebut defendant's legitimate nondiscriminatory reason for challenged employment action and failed to show similarly situated whites were treated differently).

Finally, the district court found that Barge had failed to establish a prima facie case of retaliation because she had produced no evidence connecting her prior EEOC claim to the alleged retaliatory acts. We agree again. There is no evidence that the supervisors who perpetrated the alleged indignities on Barge mentioned, or were even aware of, her EEOC claim. The record is also clear that Barge waived her right to the disputed disability payments in the settlement agreement.

Although she failed to respond to Anheuser Busch's motion for summary judgment, Barge argues that her pleadings and deposition testimony contained facts sufficient to raise genuine issues of material fact. This argument assumes the district court has an affirmative obligation to plumb the record in order to find a genuine issue of material fact. It does not. White v. McDonnell Douglas Corp., 904 F.2d 456 (8th Cir. 1990) (per curiam). "A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." Id. at 458 (quotation omitted). Once Anheuser Busch met its burden of demonstrating a

lack of genuine issues of material fact, Barge was required to designate specific facts creating a triable controversy. <u>Celotex</u>, 477 U.S. at 324. Even considering the entirety of the record for the sake of argument, we see no evidence establishing a prima facie case on either claim, or indicating that Anheuser Busch's offered legitimate nondiscriminatory reason for its handling of shift assignments and restroom breaks was pretextual.

Barge argues that summary judgment was inappropriate because the credibility of Anheuser Busch's legitimate nondiscriminatory reason for the adverse employment action posed a genuine issue of material fact. We disagree. "Once the movant has supported his or her motion, however, the opponent must affirmatively show that a material issue of fact remains in dispute and may not simply rest on the hope of discrediting the movant's evidence at trial." <u>Matter of Citizens Loan & Sav. Co.</u>, 621 F.2d 911, 913 (8th Cir. 1980). Barge may not manufacture a genuine issue of material fact by merely hoping, without coming forward with any evidence of pretext, that the trier of fact may disbelieve Anheuser Busch's unchallenged legitimate nondiscriminatory reason. <u>Id.</u>

Barge finally makes the misdirected argument that the district court abused its discretion by dismissing her suit as a sanction for failure to respond to Anheuser Busch's motion for summary judgment. This was not a Federal Rule 37 or 41(b) sanction. <u>See</u> Fed. R. Civ. P. 37, 41(b). The district court made it clear that it was granting summary judgment on the merits under Rule 56 due to the lack of a genuine issue of material fact.

## III. CONCLUSION

For the aforementioned reasons, we affirm the district court's order dismissing Barge's complaint.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.