**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 95-3827

_____

| | | |
|---|---|---|
| Jan Johnson, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Baptist Medical Center, | * | |
| also known as Health Midwest; | * | |
| Goppert Family Care Center; | * | |
| and Dr. Lawrence Rues, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: May 17, 1996

Filed: June 10, 1997

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Dr. Jan Johnson petitions for rehearing of her appeal from the district court's order entering summary judgment against her, an order that we affirmed. See Johnson v. Baptist Medical Center, 97 F.3d 1070 (8th Cir. 1996).

Our court has recently had occasion to address the question of what a plaintiff must do in an employment discrimination case in order to avoid summary judgment.

We held that the plaintiff's evidence must tend to make out a prima facie case and support a finding that the defendant's proffered reasons for the decision complained of were pretextual. See Ryther v. KARE 11, 108 F.3d 832 (8th Cir. 1997). While in our original panel opinion in the present case we expressed doubt about whether Dr. Johnson had produced sufficient evidence to make out a prima facie case, we assumed that she had, and we continue to make that assumption for purposes of this rehearing petition. Having reexamined the matter, we conclude again that Dr. Johnson produced insufficient evidence to support an inference that the reasons that BMC offered for Dr. Johnson's termination were pretextual.

Dr. Johnson asserts that we incorrectly characterized as hearsay her deposition testimony concerning what she believed was evidence that Dr. Rues treated her and other female residents differently from male residents. She, however, has incorrectly characterized the testimony that she cites, because it does not deal with any other female residents than herself nor with "male residents." It recounts instead a single occasion on which Dr. Johnson believes that Dr. Rues was abusive to her but patient and understanding with a male resident. We believe that this testimony provides insufficient evidence to support a reasonable inference that BMC's proffered reason for terminating Dr. Johnson was not the real one, because the inference, if any, of disparate treatment that it raises is simply too weak, and its connection to her termination too tenuous, to do so.

Dr. Johnson also points to what she asserts is evidence of disparate treatment of other female residents. Much of this evidence was not cited in her original appellant's brief in this court, but, in any case, it does not support an inference of the kind necessary for avoiding summary judgment. For instance, the fact, if it is one, that Dr. Rues once spoke angrily to Dr. Terry Prichard is of no probative value whatever, because it is a single instance, no pattern is shown, and, most importantly, there is no showing that Dr. Rues was never angry with male residents.

Dr. Johnson registers a number of other complaints about the original panel opinion in this case, none of which has merit. She maintains, for instance, that we ignored the fact that "there were never any established minimum performance standards provided to Johnson and other residents." Assuming that that was so, it has to be plain that a lack of precise standards was a disability under which both female and male residents were laboring. Dr. Johnson does not tell us how a lack of precise standards can imply a lack of candor in BMC's articulated reasons for her termination. Her assertion that she was terminated without due process suffers from the same infirmity, because she also maintains that no procedures were in place for anyone, male or female.

We have examined Dr. Johnson's evidence and have concluded for the reasons given that it is insufficient to support an inference that BMC's articulated motive for her termination was pretextual. We note, too, the difficulty that we had, as the district court did, in locating the evidence on which Dr. Johnson relied to support her arguments, because the necessary citations to the record were not included in the argument portion of her brief. We are under no duty to search a record, especially one this long, if counsel does not supply adequate references to it, for evidence to support a party's arguments. Cf. Barger v. Anheuser-Busch, Inc., 87 F.3d 256 (8th Cir. 1996).

The petition for rehearing is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-