# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2258

_____

Stephen B. Ray,                                 *
                                                *
            Appellant,                          *
                                                *     Appeal from the United States
      v.                                        *     District Court for the
                                                *     Western District of Missouri.
William J. Henderson, Postmaster                *
General, United States Postal Service,          *          [UNPUBLISHED]
                                                *
            Appellee.                           *

_____

Submitted: May 5, 2000
Filed: May 10, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Stephen B. Ray appeals following the district court's[1] grant of summary judgment in favor of defendant Postmaster General in his employment discrimination action, in which he asserted claims under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213; section 504 of the Rehabilitation Act of 1983, 29 U.S.C. §§ 701-796i; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17; and 42 U.S.C. § 1981. After de novo review of the record, see Barge v. Anheuser-

_____

[1]The Honorable D. Brook Bartlett, late a United States District Judge for the Western District of Missouri.

Busch, Inc., 87 F.3d 256, 258 (8th Cir. 1996), we conclude the district court did not err in granting summary judgment to defendant, and we affirm the court's judgment.

We agree with the district court that Ray failed to create a triable issue of fact on his disparate-treatment race discrimination claim, as he presented nothing showing that the white employees who allegedly received more favorable treatment were similarly situated in all relevant respects to him. Specifically, Ray did not show that two white co-workers who sustained shoulder injuries and were then assigned to case mail--a higher-paying Level 5 position--were actually Level 4 employees, like Ray, and were subject to work restrictions similar to his. For the same reason, we conclude that the assertions of Ray and a co-worker, that white limited-duty employees were assigned to case mail while limited-duty black employees were not, were too generalized to meet his burden. See Ghane v. West, 148 F.3d 979, 982 (8th Cir. 1998) (to support claim of pretext in disparate-treatment claim, plaintiff must show he is similarly situated in all relevant respects to individuals who were treated more favorably); Nitschke v. McDonnell Douglas Corp., 68 F.3d 249, 252 (8th Cir. 1995) (comparison to other employees is valid only if employees are similarly situated to plaintiff); Davenport v. Riverview Gardens Sch. Dist., 30 F.3d 940, 945 (8th Cir. 1994) (where African-American plaintiff offered no independent evidence of disparate treatment, his unsubstantiated deposition testimony that similarly situated white employees were treated more favorably did not create genuine dispute on pretext or intentional discrimination).

As to Ray's discriminatory-discharge claim, again assuming as the district court did that he established a prima facie case, see Ghane, 148 F.3d at 981 n.3 (prima facie case elements), we agree with the court that he failed to create a genuine issue of material fact on whether the Postal Service's asserted non-discriminatory reason for his discharge--insubordination and being AWOL from his work assignment--was a pretext for race discrimination, see Shannon v. Ford Motor Co., 72 F.3d 678, 682 (8th Cir. 1996). We conclude Ray's suspicions regarding management's conspiracy to fabricate

charges against him, even combined with his declaration that three named supervisors made false charges against him and that his trial testimony would show the necessary pretext, was insufficient to avoid summary judgment. See Helfter v. United Parcel Serv., Inc., 115 F.3d 613, 616 (8th Cir. 1997) (conclusory affidavits and deposition testimony, standing alone, are insufficient to withstand summary judgment motion); Berg v. Bruce, 112 F.3d 322, 327 (8th Cir. 1997) (affidavits containing general statements, but not detailed facts about alleged age discrimination, were insufficient to create material fact as to age animus).

Finally, we affirm the dismissal of Ray's Rehabilitation Act claim, which he withdrew in the district court, see Phelps v. U.S. Fed. Gov't, 15 F.3d 735, 737 n.2 (8th Cir.), cert. denied, 511 U.S. 1114 (1994), and the ADA claim, which the district court dismissed along with the abandoned Rehabilitation Act claim.

Accordingly, we affirm.

A true copy.

    Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.