# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3430

_____

| | | |
|---|---|---|
| Gloria Counter, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas. |
| | * | |
| Arkansas Department of Finance and | * | **[UNPUBLISHED]** |
| Administration, et al., | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: July 5, 2001
Filed: July 9, 2001

_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Gloria Counter, who has worked as a revenue office cashier in Magnolia, Arkansas, since 1991, filed this action against the Arkansas Department of Finance and Administration and two supervisory employees, claiming defendants singled her out for harsher discipline and punishment than her coworkers on the basis of her race, and in retaliation for her pursuit of her rights. The district court[1] granted defendants summary

_____

[1]The HONORABLE HARRY F. BARNES, United States District Judge for the Western District of Arkansas.

judgment as to Counter's retaliation claim, finding no evidence of a causal connection between any alleged adverse employment action and Counter's protected activity. Following a jury trial on the race discrimination claim, the district court granted defendants judgment in accordance with the jury's verdict. Counter appeals, and we affirm.

Having carefully reviewed the record and Counter's arguments on appeal, we conclude (1) the grant of summary judgment on Counter's retaliation claim was proper because there was no evidence that the supervisors who perpetrated the alleged adverse employment actions were aware of Counter's EEOC claims, see Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 259-60 (8th Cir. 1996); (2) Counter failed to preserve her claim of instructional error, and there was no plain error, see Kehoe v. Anheuser-Busch, Inc., 96 F.3d 1095, 1104 (8th Cir. 1996); (3) there was sufficient evidence to support the jury's verdict on the issue of race discrimination, see Smith, 151 F.3d at 818 (standard of review); and (4) Counter was not entitled to declaratory or injunctive relief absent undisputed evidence, or a jury finding, that race was a motivating factor in defendants' actions. See 42 U.S.C. § 2000e-5(g); Browning v. President Riverboat Casino-Missouri, 139 F.3d 631, 634 (8th Cir. 1998).

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.