# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3467

_____

Lonesome Dove Petroleum, Inc.

*Plaintiff - Appellant*

v.

John H. Holt; John H. Holt Oil Properties, Inc.

*Defendants - Appellees*

_____

No. 16-3611

_____

Lonesome Dove Petroleum, Inc.

*Plaintiff - Appellee*

v.

John H. Holt; John H. Holt Oil Properties, Inc.

*Defendants - Appellants*

_____

Appeals from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: October 16, 2017
Filed: May 7, 2018

_____

Before SMITH, Chief Judge, and MURPHY and COLLOTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

In 2004, Lonesome Dove, through its president, Brett Boedecker, formed a plan with John Holt to take advantage of the booming oil business in the Bakken region of North Dakota. Holt and Boedecker, along with two investors, intended to acquire oil and gas leases in Mountrail County and sell them for a profit. After they completed a successful round of acquisitions in 2005, Holt and the investors began excluding Boedecker from any new acquisitions. Lonesome Dove filed this lawsuit in 2012 and Holt moved for partial summary judgment on the following claims: 1) breach of a joint venture contract; 2) breach of the implied covenant of good faith and fair dealing; 3) breach of fiduciary duty; 4) civil conspiracy; 5) negligent misrepresentation; and 6) unjust enrichment. The district court[1] granted summary judgment on all claims other than the breach of the joint venture contract, which was later decided in Holt's favor by a jury. Lonesome Dove moved for equitable relief and a new trial; both were denied. Lonesome Dove now appeals the summary judgments on the negligent misrepresentation and unjust enrichment claims, as well as the denial of equitable relief and a new trial. We affirm.[2]

_____

[1]The Honorable Ralph R. Erickson, then Chief Judge, United States District Court for the District of North Dakota.

[2] Holt filed a cross appeal claiming two errors by the district court: 1) the denial of his motion for partial summary judgment on the breach of joint venture contract claim and 2) the denial of his motion for summary judgment claiming the partners' oral agreement was barred by the statute of frauds.

Because we affirm the district court's judgment, we need not discuss the issues raised on cross appeal.

I.

Lonesome Dove Petroleum, Inc. ("Lonesome Dove") is a corporation which acquires oil and gas leases and sells them for a profit. Brett Boedecker owns a majority of the corporate shares and serves as its president. In 2004 John Holt, owner of John H. Holt Oil Properties, Inc., contacted Boedecker about a plan to purchase leases in Mountrail County, North Dakota. Holt and Boedecker, together with two investors (Jim Williams and David Flinn), reached an oral agreement to obtain oil and gas leases and sell them at a profit while retaining overriding royalty interests (ORIs). Holt and Boedecker planned to each retain 12.5 percent of the profits.

Except for these provisions, the parties disagree about the nature and scope of the oral agreement. According to Boedecker, the agreement was for a joint venture to acquire between 20,000 and 50,000 acres of land. He believed the venture would continue in perpetuity for the purpose of procuring leases east of the Nesson Anticline region in Mountrail and Burke Counties. He also claims that the joint venture established fiduciary duties for the partners. Holt disagrees and claims there was only a "limited lease play" to purchase between 20,000 and 50,000 acres in Mountrail County.

From August 2004 to January 2005, the four men acquired leases covering over 25,000 acres. During this time period, Boedecker received his agreed upon percentage of the profits and ORIs. Holt, Williams, and Flinn then began acquiring other leases in the Nesson Anticline region without involving Boedecker. Boedecker alleges he discovered in 2011 that he had not been notified about them. He also alleges that when he had asked Holt about acquiring additional leases, Holt had responded that the area was too competitive and the prices were too high. Holt contends, however, that he informed Boedecker that he would be entering new lease plays without him and that Boedecker had not objected.

In 2012, Lonesome Dove brought the following claims against Holt in Montana state court: 1) breach of a joint venture contract; 2) breach of an implied covenant of good faith and fair dealing; 3) breach of fiduciary duty; 4) civil conspiracy; 5) negligent misrepresentation; and 6) unjust enrichment. After the case was removed to federal court, it was transferred to North Dakota.

Holt moved for partial summary judgment on Lonesome Dove's claims outside the limited lease play. In a separate motion, he sought summary judgment on the statute of frauds for any claims beyond the "limited lease play." The district court granted summary judgment on the claims for breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, civil conspiracy, negligent misrepresentation, and unjust enrichment. Summary judgment was denied on the claim for breach of a joint venture contract and a motion for summary judgment based on the statute of frauds. The jury then found that a joint venture had been formed and that Holt had not breached the agreement. Lonesome Dove moved for equitable relief and a new trial. The district court denied both motions.

Lonesome Dove now appeals the order granting summary judgment on the negligent misrepresentation and unjust enrichment claims, as well as the denials of the motions for equitable relief and a new trial.

II.

A.

Lonesome Dove first contends that the district court erred in granting Holt's summary judgment motion on Lonesome Dove's negligent misrepresentation claim. We review the grant of summary judgment de novo. Woods v. DaimlerChrysler Corp., 409 F.3d 984, 990 (8th Cir. 2005). "Summary judgment is appropriate if viewing the record in the light most favorable to the nonmoving party, there are no

genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Id. A party "may not rely on mere denials or allegations in its pleadings, but must 'designate "specific facts showing that there is a genuine issue for trial ."'" Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 258 (8th Cir. 1996) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).

North Dakota recognizes a statutory claim for negligent misrepresentation under N.D. CENT. CODE § 9-03-08(2). Bourgois v. Mont.-Dakota Utils. Co., 466 N.W.2d 813, 818 & n.6 (N.D. 1991). The statute for misrepresentation is satisfied if a contracting party "with intent to deceive another party thereto or to induce the other party to enter into the contract . . . [makes a] positive assertion, in a manner not warranted by the information of the person making it, of that which is not true though that person believes it to be true." N.D. CENT. CODE § 9-03-08.

A claim under North Dakota's fraud statute requires "proof of actual damages proximately caused by the misrepresentation." Northstar Founders, LLC v. Hayden Capital USA, LLC, 2014 ND 200, ¶ 27, 855 N.W.2d 614, 626. To overcome a motion for summary judgment, a plaintiff has "the burden of presenting the trial court with competent evidence of actual damage and of establishing the actual damage was proximately caused by the alleged . . . misrepresentation." Grandbois & Grandbois, Inc. v. City of Watford City, 2004 ND 162, ¶ 20, 685 N.W.2d 129, 136.

Lonesome Dove argues Holt made multiple misrepresentations and nondisclosures which include: 1) falsely telling Boedecker he could no longer obtain leases in Mountrail County because prices were too high; 2) not disclosing that he decided to acquire additional leases with the same investors and that they no longer wanted to work with Boedecker; 3) misleading Boedecker to think his interests were protected and that the joint venture was continuing; and 4) not disclosing that the joint venture had been terminated. Lonesome Dove claims that if not for these misrepresentations Boedecker would have pursued other opportunities in the region.

The district court did not err in granting Holt's summary judgment motion on the negligent misrepresentation claim because Lonesome Dove had not alleged any specific damage from the misrepresentation. Lonesome Dove provided no evidence of any specific opportunities it had forfeited or economic losses it had incurred due to Holt's statements or omissions. Lonesome Dove also stated no facts to show how Holt's statements proximately caused it detriment. Holt himself had presented evidence that Flinn and Williams would have refused to work with Boedecker on any additional acquisitions regardless of any misrepresentations. Since Lonesome Dove presented no facts illustrating any specific losses proximately caused by Holt's statements, there is no genuine issue of material fact regarding damages.

Lonesome Dove also contends that Holt created an inventory list which incorrectly indicated that Lonesome Dove had been assigned its share of ORIs in leases obtained in Burke County even though Holt never had paid Boedecker. Holt admits these leases were included in the original oral contract. It is undisputed that in 2015 Holt corrected this mistake by paying Boedecker, and Lonesome Dove has submitted no evidence of damages since he was reimbursed. Without specific evidence of damage, Lonesome Dove failed to meet its burden of proof at the summary judgment stage. The district court correctly granted Holt's motion.[3]

## B.

Lonesome Dove argues the district court also erred by granting Holt's motion for summary judgment on its unjust enrichment claim. Our review is de novo.

---

[3] On appeal, Lonesome Dove raises certain claims for the first time, including constructive fraud (under N.D. CENT. CODE § 9-03-09) and deceit (under N.D. CENT. CODE § 9-10-02). Even if these claims had not been waived, they would fail because they lacked factual showings of damages. See § 9-03-09 (requiring "misleading another to the other's prejudice" for constructive fraud); § 9-10-03 (requiring proof of damages for deceit).

Woods, 409 F.3d at 990. In North Dakota, a plaintiff must establish five elements to establish unjust enrichment: "1) an enrichment, 2) an impoverishment, 3) a connection between the enrichment and impoverishment, 4) absence of a justification for the enrichment and impoverishment, and 5) an absence of a remedy provided by law." Markgraf v. Welker, 2015 ND 303, ¶ 23, 873 N.W.2d 26, 34. A plaintiff may only bring an unjust enrichment claim in the absence of a contract. BTA Oil Producers v. MDU Res. Grp., Inc., 2002 ND 55, ¶ 37, 642 N.W.2d 873, 884.

On its unjust enrichment claim, Lonesome Dove argues that Boedecker provided labor to the joint venture, brought the partners together, maintained confidentiality, and refrained from competing with the joint venture. Since the jury determined at trial that the parties formed a valid joint venture contract, Lonesome Dove had "a remedy provided by law" to recover any benefits unjustly retained by Holt. Markgraf, 873 N.W.2d at 34.

Lonesome Dove alleges, however, that it provided benefits to Holt after the contract was terminated, but it does not present any specific facts to illustrate any benefit to Holt other than the list of things in the contract. Because Lonesome Dove has failed to "designate 'specific facts showing that there is a genuine issue for trial,'" the district court did not err in granting Holt's summary judgment motion. Celotex Corp., 477 U.S. at 324 (citation omitted).

C.

Lonesome Dove also claims the district court erred by denying its motion for equitable accounting. We review the denial of equitable relief for abuse of discretion. Standley v. Chilhowee R-IV Sch. Dist., 5 F.3d 319, 322 (8th Cir. 1993). A district court abuses its discretion if it bases its judgment on "clearly erroneous factual findings or erroneous legal conclusions." Mathenia v. Delo, 99 F.3d 1476, 1480 (8th Cir. 1996). Equitable accounting "is never ordered as a matter of course." Stuber v.

-7-

<u>Taylor</u>, 200 N.W.2d 276, 280 (N.D. 1972).  Instead "[t]here must be one or more of the following: (1) a fiduciary relationship with a duty upon the confidant to render an account; (2) a mutual or complicated account; (3) a particular need for a discovery; or (4) some other basis for equitable jurisdiction."  <u>Id.</u>

"[T]he touchstone for equity is the lack of an adequate legal remedy." <u>Superior, Inc. v. Behlen Mfg. Co.</u>, 2007 ND 141, ¶ 17, 738 N.W.2d 19, 26 (citation omitted).  Courts "should tread carefully when entering the realm of equitable remedies, fashioning them only when directed to do so by statutes and court rules, when there is no adequate legal remedy, or when the equitable remedy is better adjusted to render complete justice." <u>Burr v. Trinity Med. Ctr.</u>, 492 N.W.2d 904, 908 (N.D. 1992).

> It is a well-established principle that one partner may sue another in an action at law where the partnership is terminated and the claim sued upon is one that can be adjudicated without the necessity of an extensive accounting, as where the transactions are few and simple, and the items requiring adjudication are not numerous.

<u>Zimmerman v. Lehr</u>, 176 N.W. 837, 837 (N.D. 1920).

Lonesome Dove claims it did not have an adequate remedy at law.  At trial the jury was instructed on the definition of fiduciary duty between partners in a joint venture, including a duty

> [t]o account to the joint venture and hold as trustee for it any property, profit or benefit derived by the joint venturer in the conduct and winding up of the venture business or derived from a use by the joint venturer or the venture

> property which would include accounting for the appropriation of a venture opportunity . . . .

The jury found Holt had not breached this duty. Thus, Lonesome Dove had an adequate remedy at law in this case. The jury was instructed on the duty to account, grounded in contract law, and the jury found the joint venture continued only through the initial round of acquisitions. These transactions were "few and simple," and "the items requiring adjudication are not numerous." Zimmerman, 176 N.W. at 837. The district court did not abuse its discretion by denying Lonesome Dove's motion for equitable relief.

## D.

Finally, Lonesome Dove argues the district court erred by denying its motion for a new trial because the jury verdict was against the clear weight of the evidence. We review such a motion for abuse of discretion. Belk v. City of Eldon, 228 F.3d 872, 878 (8th Cir. 2000). A district court should grant a motion for new trial based on the sufficiency of the evidence when "the verdict is against the weight of the evidence and allowing it to stand would result in a miscarriage of justice." Bennett v. Riceland Foods, Inc., 721 F.3d 546, 553 (8th Cir. 2013) (citation omitted).

Here, the parties presented the jury with substantial evidence on the meaning of the joint venture, the provisions of the agreement, and the performance under it. The evidence includes conflicting testimony from Holt and Boedecker about the intended scope of the agreement. The verdict was thus not against the clear weight of the evidence, and the district court did not err in denying Lonesome Dove's motion.

## III.

For the reasons stated above, we affirm the judgment of the district court.

_____